JOHN F. WIBERG, as Administrator, etc., of OSCAR R. F. WIBERG, Deceased, Appellant, *v.* NASSAU ELECTRIC RAILROAD COMPANY, Respondent.

*Negligence — testimony as to the speed of a car excluded — question on cross-examination as to the previous testimony of a witness, admissible.*

In an action to recover damages resulting from the death of the plaintiff's intestate, who was run over by one of the defendant's street cars, it is not error to refuse to allow a witness, who testified that he had often ridden on steam, trolley and other cars, and had noticed their speed, to answer the following question: "From your experience in riding on cars and your observations, what, in your judgment, was the rate of speed at which this car that struck the child was going?" where the witness is afterwards allowed to testify that "he was coming along this way and very fast," indicating a jumping motion by "this way."

Where the motorman of the car gives important testimony on behalf of the defendant as to the manner in which the accident occurred, the plaintiff should be allowed, upon cross-examination, to ask the motorman, "Were you asked by one of the jurymen (at the coroner's inquest) whether you saw the accident?" and "Did you state, when you were at the coroner's inquest, that you couldn't testify to anything about the accident because you were too excited to notice what occurred?"

APPEAL by the plaintiff, John F. Wiberg, as administrator, etc., of Oscar R. F. Wiberg, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 8th day of April, 1899, upon the verdict

of a jury, and also from an order entered in said clerk's office on the 24th day of March, 1899, denying the plaintiff's motion for a new trial made upon the minutes.

*H. Kettell* [*J. Edward Swanstrom* with him on the brief], for the appellant.

*John L. Wells,* for the respondent.

GOODRICH, P. J.:

The action is to recover damages for the death of a child between three and four years of age, who was run over and killed by a car of the defendant, on Atlantic avenue, between Hoyt and Bond streets, at about seven o'clock in the evening of September 15, 1898, The sun sets at about six o'clock at that time of year. There was an electric lamp in the vicinity. The car which struck the child was an open one, with transverse seats, and was running toward the ferry. Miss Anderson, a woman twenty-one years of age, had taken three children out for a walk; one of eight, the deceased child and a still younger one. She attempted to cross from the south side of Atlantic avenue, and waited between the east-bound track and the curbstone until one or two cars going east had passed, when the oldest boy ran across the west-bound track in safety. Oscar, the deceased, who had hold of Miss Anderson's hand, pulled away from her and attempted to follow his brother, and either was struck by the fender when he was between the rails of the west-bound track, or ran into the side of the car at a point two or three seats behind the motorman and slipped under the wheels, receiving the injuries of which he died. The jury found a verdict for the defendant, and there was evidence sufficient to support it. The plaintiff appeals from the judgment and the order denying a motion for a new trial.

The plaintiff contends that there were errors in regard to evidence and in the charge, which require reversal. I deem it only necessary to refer to the following:

Lindstrom, a witness for the plaintiff, was asked as to the speed of the car. He had testified that it was going twelve miles an hour some time before the accident. He testified that he had often rid-

den on steam, trolley and other cars, and had noticed their speed. He was asked: "From your experience in riding on cars, and your observations, what, in your judgment, was the rate of speed at which this car that struck the child was going?" The testimony was excluded under the defendant's objection. As the witness afterward testified that "he was coming along this way and very fast," and indicated a jumping motion by "this way," I think the exclusion was not error.

The second objection arises in the evidence of Kelly, the motorman. He testified fully as to the manner in which the accident happened. His testimony was of the utmost importance to the defendant. Among other things he said that the car was going slowly; that he did not see the party until they came out from behind a car going east, and that they were then only twenty-five or thirty feet from him; that he shut off the power, put on his brake and rang his bell; that he had his car under control; that the woman paid no attention; that neither of the children ran in front of his car, and that he did not see the child when it was struck, evidently conveying the impression that the child ran into the side of the car. It is true that this evidence was corroborated by the testimony of three witnesses, but as Kelly was the motorman, responsible for the management of the car, it was very important to the plaintiff that he should have the fullest opportunity to cross-examine him as to facts affecting his credibility. On cross-examination he testified that he was present in the room at the coroner's inquest, saw the jury there, and knew that Mack, another motorman of the defendant, had testified there, but that he himself was not examined as a witness.

The following occurred: "Q. Were you asked by one of the jurymen whether you saw the accident? [Objected to as calling for incompetent evidence; objection sustained.] A. Yes, I believe I was. The Court: Don't answer the question. The objection is sustained. Mr. Baldwin: I move to strike out the answer. The Court: Granted. Q. Did you state when you were at the coroner's inquest that you couldn't testify to anything about the accident because you were too excited to notice what occurred? [Objected to as calling for incompetent evidence; objection sustained. Plaintiff excepts.]"

The witness in answer to the first question said that he was asked by one of the jurymen whether he saw the accident. It is true that his testimony to this effect had been stricken out by the court, but I think it was error to strike it out.

It is to be noted that the objection to the question did not point out as a ground for the objection that the question was not sufficiently specific to indicate the time and place of the statement attributed to the witness. The objection merely was that the question called for incompetent evidence. It seems to me that the evidence for which it called was clearly competent. The question sought to extract an admission from the witness that at the time of the inquest, when his recollection would probably be much more accurate than it was at the time of the trial, he had declared that he could not tell anything about the accident because he was too excited at the time to observe what happened. If the objection had been placed on the ground that the time, place and circumstances of the supposed admission were not stated with sufficient particularity, that objection could have been obviated, and doubtless would have been obviated, by counsel.

Indeed, I am inclined to think, under all the circumstances, that the question was sufficiently specific. It is not always necessary that the questioner shall specify all three elements — time and place and person to whom the declaration or admission was made. As Sir James Fitzjames Stephen says, in his Digest of the Law of Evidence: It is enough if the circumstances of the supposed statement are referred to sufficiently to designate a particular occasion. (Digest of Evidence, art. 131.) So, also, in *Pendleton* v. *Empire Stone Dressing Co.* (19 N. Y. 13, 18), Judge DENIO said: "It cannot, of course, be necessary that the precise date should be indicated, as that must often be difficult to ascertain, and if ascertained would not be likely, of itself, to recall the circumstance to the witness; but the place could easily be indicated and the occurrence identified by a statement of the purpose of the interview or other circumstances, which would recall it to the mind of the witness if the conversation inquired of actually took place."

In the present case the time and occasion were distinctly indicated by mention of the coroner's inquest, and the person to whom the statement was made was indicated by reference to one of the jury-

men. I think the evidence was proper and should have been admitted, and that it is impossible to say that its exclusion was not harmful to the plaintiff.

Without passing upon the exception to the charge, I think that for the error stated the judgment and order should be reversed.

All concurred, except JENKS, J., not sitting.

Judgment and order reversed and new trial granted, costs to abide the event.