COLVER J. STONE, trustee, *vs.* PARKER N. JENKINS.

Suffolk. March 13, 1900. — September 6, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & BARKER, JJ.

*Bankruptcy — Maintenance of Action by Trustee after Discharge for Benefit of Bankrupt.*

After a trustee in bankruptcy has been discharged as trustee and the estate has been closed up and settled, he may maintain an action for the benefit of the bankrupt with the bankrupt's consent.

TORT, by the trustee of the estate of a bankrupt, under U. S. St. July 1, 1898, for the conversion of nine horses, the property of the bankrupt. The horses were attached within four months next prior to the filing of the petition and to the adjudication in bankruptcy.

At the trial in the Superior Court, before *Hopkins,* J., the defendant requested rulings that upon all the evidence the plaintiff could not recover, and that having been discharged as trustee, and the estate having been closed up and settled, he could not maintain the action. The defendant also asked a ruling that, if the plaintiff could recover at all, he could not recover for four horses, in which the bankrupt had a special property.

The judge refused to give any of the requests, and ruled that the plaintiff might recover the market value of all the horses; and the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*C. F. Eldredge,* for the defendant.

*J. J. McCarthy,* for the plaintiff.

MORTON, J. This is an action of tort by the plaintiff, as trustee in bankruptcy of one Morris, to recover for the conversion of certain horses, in some of which, when he was adjudged bankrupt, Morris had a special property, and of others of which he was the general owner. Before the trial, Morris had made an offer of composition which had been confirmed, and an order had been made discharging the trustee and closing the affairs of the estate. At the trial, the defendant asked certain rulings,

which were refused. There was a verdict for the plaintiff; and the case is here on the defendant's exceptions to the rulings that were given and to the refusals to rule as requested.

The only question which has been argued before us is the right of the plaintiff to maintain the action after he was discharged as trustee and the estate was closed up and settled. Other questions raised by the defendant must be deemed to have been waived. It is stated in the defendant's brief that he introduced no evidence, but relied on the ground that the plaintiff no longer could maintain the action in his representative capacity. But for aught that appears in the bill of exceptions the case was fully tried.

When the right of action accrued, Morris had been adjudged bankrupt, and upon the appointment of the plaintiff as trustee the right of action vested in him, and suit was properly brought by him in his own name. When the offer of composition was confirmed and the order made discharging the trustee and closing up the estate, the property in the trustee's hands, including choses in action belonging to the bankrupt estate, vested by force of the statute in Morris. U. S. St. July 1, 1898, c. 541, § 70. We have, therefore, a case in which the right of action was in the trustee when the suit was begun, but has become vested during the pendency of the action in the bankrupt. In such a case it would seem to follow, either that the trustee should be allowed with the consent of the bankrupt to prosecute the action for his benefit, or the bankrupt should be allowed to come in and prosecute it in the name of the trustee on such terms as the court might deem reasonable, or the suit should be amended so that the action should proceed thenceforward in the bankrupt's name. If neither one of these things were done, there would seem to be no good reason why a discontinuance should not be ordered. *Cutts* v. *Parsons*, 2 Mass. 440. But it would serve no useful purpose to compel the plaintiff to discontinue and to oblige the bankrupt to bring an action in his own name; and such a rule might enable the defendant under some circumstances, though not perhaps in this case, to interpose as a defence the statute of limitations, or some technical matter which he could not otherwise have availed of. In *Mayhew* v. *Pentecost*, 129 Mass. 332, it was held that an action to recover a debt due before his bank-

ruptcy might be brought by the bankrupt after the bankruptcy, with the consent and for the benefit of the assignee in bankruptcy. *E converso* we do not see why an action duly brought by an assignee or trustee in bankruptcy may not be maintained in his name with his consent by the bankrupt for his benefit after the cause of action has become vested in him, or may not be so maintained by the assignee or trustee with the consent of the bankrupt. See *Commonwealth* v. *Phillipsburg*, 10 Mass. 78 ; *Holten* v. *Cook*, 12 Mass. 574 ; *Stone* v. *Hubbard*, 7 Cush. 595 ; *Robinson* v. *Hall*, 11 Gray, 483 ; *Gerrish* v. *Gary*, 1 Allen, 213 ; *Hallett* v. *Fowler*, 10 Allen, 36 ; *Herring* v. *Downing*, 146 Mass. 10.

There is nothing to show that that is not the situation in the case before us. It is immaterial to the defendant to whom he pays the amount found due, so long as he is not compelled to pay it twice ; and if it appears that the action is prosecuted in the name of the plaintiff for the benefit of Morris, either by the plaintiff with his consent or by him with the plaintiff's consent, he will be protected from such liability. *Mayhew* v. *Pentecost, ubi supra.* A judgment recovered under such circumtances will be a bar to any other suit for the same cause of action. If the defendant is apprehensive that the status of the case does not sufficiently appear of record, the matter can be rectified by the proper application to the Superior Court. *Southern Express Co.* v. *Connor*, 12 Nat. Bankr. Reg. 53. But no such objection has been urged, and as the case stands we think that the exceptions must be overruled.

*So ordered.*