J. WARRANT CASTLEMAN, as Receiver of the Property of CHARLES W. MAYER, Appellant, *v.* CHARLES W. MAYER et al., Defendants.

SAMUEL V. PRYOR, Respondent.

CHATTEL MORTGAGE — WHEN UNFILED INSTRUMENT NOT VOID AS AGAINST CREDITORS OF MORTGAGOR. Where a chattel mortgage was given to secure advances, but not filed until after the mortgaged property, with the consent of the mortgagor, was delivered by the mortgagee to a sheriff to be sold under the mortgage, and the property was sold and the proceeds turned over to the mortgagee prior to the rendition of judgments against the mortgagor upon which an action for the benefit of the judgment creditors is based, such mortgage must be held valid in the Court of Appeals and not void as against the existing creditors of the mortgagor when there is some evidence to support a finding of the trial court, affirmed by the Appellate Division, that the execution and delivery of the mortgage were accompanied by an immediate delivery of the property to the mortgagee and followed by actual and continued possession thereof by him, without any fraudulent intent on the part of either mortgagor or mortgagee to defraud the creditors of the mortgagor.

*Castleman* v. *Mayer*, 55 App. Div. 515, affirmed.

(Argued October 8, 1901; decided October 18, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered

December 1, 1900, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William B. Hale* for appellant. The chattel mortgage was not filed and there is no evidence in the whole case of a change of possession of the goods mortgaged until January 26, 1897. (*Smith* v. *Beattie,* 31 N. Y. 542; Wait on Fraud. Conv. § 259.) The plaintiff had the right to reach the avails of the property after it was sold by Pryor under his mortgage. (*Stephens* v. *Perrine,* 143 N. Y. 476; *Karst* v. *Gane,* 136 N. Y. 316; *Mandeville* v. *Avery,* 124 N. Y. 376; *Potts* v. *Hart,* 99 N. Y. 173; *Southard* v. *Benner,* 72 N. Y. 432.)

*C. C. Werner* for respondent. The trial court was right in finding that the execution and delivery of the agreement was followed by an immediate, actual and continued change of possession of the chattels described in it, and there was ample evidence on which to base said finding. (*Woodworth* v. *Hodgson,* 129 N. Y. 669; *Stanley* v. *Nat. U. Bank,* 115 N. Y. 122; *Bowdish* v. *Page,* 153 N. Y. 104; *Parmenter* v. *Fitzpatrick,* 135 N. Y. 190; *Blaut* v. *Gabler,* 77 N. Y. 461; Jones on Chattel Mortgages [4th ed.], 187.) The affirmance by the Appellate Division of the judgment of the Special Term, even though by a divided court, is conclusive upon this court, if there is any evidence to sustain the finding that there was an immediate delivery of possession. (*National Bank* v. *Rogers,* 69 N. Y. Supp. 922; *Snebley* v. *Conner,* 78 N. Y. 218; *Clarke* v. *Lourie,* 82 N. Y. 580.) Even if there was no immediate, continued and visible possession in Pryor he is still entitled to recover because of the voluntary delivery made to him by Mayer upon the 26th day of January, 1897. (*Tremaine* v. *Mortimer,* 128 N. Y. 1; *Hardt* v. *Deutsch,* 30 App. Div. 589; *Stephens* v. *M. B. Co.,* 160 N. Y. 181; *Sheldon* v. *Wickham,* 161 N. Y. 506.)

PARKER, Ch. J. This action was brought in behalf of two judgment creditors of defendant Mayer to reach the proceeds, in the hands of Pryor, of property which once belonged to Mayer. Mayer, having commenced a manufacturing business with seventy-five dollars, attempted to secure an increase of capital, and accordingly, prior to December 31st, 1896, he made an arrangement with the defendant Pryor by which the latter was to advance to him certain sums of money not exceeding two thousand dollars. Mayer executed an agreement in the nature of a chattel mortgage, by which his entire stock of goods, machinery, fixtures, patents, etc., were sold to Pryor. This agreement was not filed in the manner in which chattel mortgages are by statute required to be filed until the 29th day of January, 1897. But, at the time of its execution and delivery to Pryor, the parties did certain acts indicating an intention to transfer the possession of the property from Mayer to Pryor. On the 26th day of January, 1897, Pryor, with the consent of Mayer, delivered the property covered by the mortgage to the sheriff, with instructions to that officer to sell the same under the mortgage. The property was sold by the sheriff at public auction, and the net proceeds thereof turned over to Pryor. All of which took place prior to the rendition of the judgments which lie at the foundation of this action.

The dissenting judges at the Appellate Division said that the mortgage was void as against the existing creditors of the mortgagor, inasmuch as the chattel mortgage was not filed, nor was the possession of the property described therein transferred to the mortgagee. But whether there was a transfer to the mortgagee is not open to debate in this court, as it was in the Appellate Division, for we are bound to assume, in view of the affirmance of the judgment of the trial court, that all of the facts found by it which have some evidence in their support are true. Now the trial court found " That said agreement was made and received in good faith and was accompanied by an immediate delivery of the keys of the store and the property therein, and was followed by an

actual and continued change of possession thereof, and the same was made and delivered without any fraudulent intent on the part of the defendant Samuel V. Pryor, or said Mayer, to hinder, delay or defraud the creditors of the said Charles W. Mayer. That the property described in said agreement after the execution and delivery thereof was not left in the possession and apparent ownership of the defendant Charles W. Mayer, but was at all times thereafter in the actual and continued possession and under the actual control of the defendant Pryor." This finding has some evidence in its support, and hence we must treat it as conclusively established that the possession of the property covered by the mortgage was duly transferred to the mortgagee at the time of the execution of that instrument, and that he thereafter continued in possession.

It follows that it must be held as a matter of law that the mortgage was not void and it becomes unnecessary to consider the further question discussed at the Appellate Division whether Pryor would have been entitled to retain the possession of the moneys as against the creditors of Mayer even had there been no transfer of the possession at the time of the giving of the mortgage because of the action of Mayer and Pryor by which the property was turned over to the sheriff with directions to sell the property and pay the net proceeds to Pryor.

The judgment should be affirmed, with costs.

GRAY, BARTLETT, MARTIN, VANN and CULLEN, JJ., concur; WERNER, J., not sitting.

Judgment affirmed.