(89 App. Div. 406.)

BRUNNEMER v. COOK & BERNHEIMER CO. et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1903.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—SUIT BY RECEIVER.
    A receiver in supplementary proceedings may bring an action to avoid
    a chattel mortgage made by the judgment debtor on the ground that it
    was not filed in the proper county.

2. APPEAL—EQUITY SUITS—EXCEPTIONS NOT AFFECTING MERITS.
    An action by a receiver in supplementary proceedings to avoid a chattel
    mortgage is an equity action, and an appeal from the judgment therein
    is governed by the chancery rule that exceptions which do not affect the
    merits are disregarded.

3. WITNESSES—EXPERTS—QUALIFICATION.
    Where a witness had qualified as an expert to an extent, the court was
    the judge of his fitness, and had the right, in its discretion, to shut off
    further inquiry as to his competency.

4. SECONDARY EVIDENCE—MEMORANDUM.
    Where a witness testified that a memorandum was correct as to details
    and prices, to the best of his belief, at the time in question, and that he
    had made and lost the original of which it was a copy several years
    before, such memorandum was admissible.

5. SAME—ERRONEOUS EXCLUSION—CURE.
    Error in the exclusion of testimony as to the price paid for articles is
    cured by the admission of testimony of the same witness as to their
    value.

6. WITNESSES—IMPEACHMENT.
    It is competent to cross-examine a witness as to alleged statements
    which varied with his testimony in chief, and to contradict him if he
    denies the statements.

7. CHATTEL MORTGAGES—RESIDENCE OF MORTGAGOR—EVIDENCE.
    A contract made between a chattel mortgagor and mortgagee prior to
    the execution of the mortgage is admissible to show the mortgagor's
    residence at the time of its execution, in an action to set aside the mort-
    gage because filed in the wrong county.

8. BANKRUPTCY—POWERS OF TRUSTEE—RECOVERY OF BANKRUPT'S PROPERTY.
    A trustee in bankruptcy is entitled to recover any property of the
    bankrupt.

9. SAME—SUIT ON CLAIM.
    Where a chattel mortgagor assigned a claim against the mortgagee for
    conversion of chattels not covered by the mortgage to one who subse-
    quently assigned such claim to the trustee in bankruptcy of the mort-
    gagor, the trustee could sue on the claim.

Appeal from Special Term, Kings County.

Action by John Brunnemer, as receiver of James M. Connelly,
judgment debtor, against the Cook & Bernheimer Company and
others.   From judgments against the defendant Cook & Bernheimer
Company, and from an order denying a new trial and denying a mo-
tion to dismiss the complaint, said defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD,
HIRSCHBERG, and HOOKER, JJ.

Moses Feltenstein, for appellant.
I. Henry Harris, for respondent Brunnemer.
Augustus J. Koehler, for respondent Entwistle.

JENKS, J.   The appellant contends that a receiver in supple-
mentary proceedings cannot bring this action to avoid a chattel mort-

gage made by the judgment debtor on the ground that it was not filed in the proper county. Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11, is against him. The learned counsel would avoid it by contending that it has been shaken by subsequent judgments, namely, Sheldon v. Wickham, 161 N. Y. 500, 55 N. E. 1045; Stephens v. Meriden Britannia Company, 160 N. Y. 178, 54 N. E. 781, 73 Am. St. Rep. 678; Castleman v. Mayer, 55 App. Div. 515, 67 N. Y. Supp. 229, affirmed 168 N. Y. 354, 61 N. E. 282. It is necessary to examine this contention. Stephens' Case, supra, and the case at bar present the common features of plaintiffs of a similar status attacking a chattel mortgage not filed. But the difference, which is essential, is that Stephens sued for a conversion, an action at law, and this plaintiff sues to avoid the transfer, and thus enters the equity side of the court. That this difference discriminates is apparent from the language of Vann, J., in Stephens' Case:

"The receiver cannot bring an action at law for the taking of property formally transferred before the recovery of the judgment, because neither the judgment debtor nor the judgment creditor could have brought it. He can, however, by a bill in equity, remove any obstacle, such as a fraudulent transfer, which, until set aside, would prevent him from taking possession of the property, and thereupon sell it, and apply the proceeds upon the debt which he represents."

In Sheldon v. Wickham, supra, the question was whether, in an action to foreclose a mixed mortgage, an assignee for creditors could defend on the ground that the mortgage was void as to personalty in that it was not filed as a chattel mortgage. The discrimination between Sheldon's Case and the case at bar is in the difference between the status of an assignee who represents creditors and that of a receiver who represents judgment creditors. This is quite apparent from the course of the argument of the learned judge, and from several of his citations, as well as from this language of Haight, J.:

"We are thus brought to a consideration of the case of Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11, relied upon by the court below. In that case one of the questions involved was as to whether a receiver in supplementary proceedings could maintain an action to set aside a chattel mortgage and to recover the property covered by it, or its value, which was alleged to be void by reason of a failure of the mortgagee to file. It must be borne in mind that in that case the receiver represented a judgment creditor, and his position was very different from that of an assignee. In that case it was held that the action could be maintained. The opinion, however, makes no allusion to the statute of 1858, or of the question which we, in this case, have under consideration. We therefore are of opinion that this case should not be regarded as controlling upon this question."

As to the principle, it is said in Thompson v. Van Vechten, 27 N. Y. 568, 582:

"The mortgage cannot be legally questioned until the creditor clothes himself with a judgment and execution, or with some legal process against his property, for creditors cannot interfere with the property of their debtor without process."

See, too, People's Savings Bank v. Bates, 120 U. S. 562, 7 Sup. Ct. 679, 30 L. Ed. 754; Button v. Rathbone, 126 N. Y. 187, 27 N. E. 266. Castleman v. Mayer, supra, does not make for the appellant, as a

reading of the opinion at page 519, 55 App. Div., page 232, 67 N. Y. Supp., shows.

I think that the evidence is sufficient to sustain the finding that the judgment debtor did not transfer the chattels to the defendant in payment of his indebtedness. There is no dispute but that a sale was contemplated, authorized, advertised, and begun. The version of the plaintiff is that it was completed; of the defendant, that it was arrested by the transfer then and there made by the mortgagee in accord with a prior understanding. The plaintiff's witness, the judgment debtor, is contradicted by several witnesses and corroborated by several witnesses. We have no warrant within the rule to upset the finding of the learned trial court. Lowery v. Erskine, 113 N. Y. 52, 20 N. E. 588.

Rulings of the learned court are criticised by extended comment, backed by many citations. But it must be remembered that this is an equity action, and that the old chancery rule still obtains on review, namely, that exceptions which do not affect the merits are disregarded. Townsend v. Bell, 167 N. Y. 462, 470, 60 N. E. 757; Vermilyea v. Palmer, 52 N. Y. 471. Many learned counsel are apt to forget the obvious difference between the chancellor and a jury. The chancellor is supposed to know the rules of evidence, and, when he comes to deliver judgment, to base it upon the legal evidence in the suit. This supposition is only overthrown when the record shows specific instances to the contrary. Thus, if the judgment could not be supported unless by evidence which was not legal evidence, then the appellate court would reverse it. Or, if the chancellor erroneously excluded evidence which, if taken and credited, might logically tend to overcome or to rebut, then also the appellate court would regard such error as capital. But unless the rulings affect the very pith and marrow of the issue, they may be disregarded. On the other hand, the jury properly believe that all testimony admitted is evidence, and has not the right, if it had the learning, to discriminate.

The refusal of the court to permit the counsel for the defendant to examine the judgment debtor as to his competency to testify to the value of the chattels did not affect the merits. The witness had qualified to an extent. The court was the judge of his fitness, and it had the right, in its discretion, to shut off further inquiry. It was not error to receive the memorandum of the chattels. The witness testified that it was correct in its details and prices, to the best of his belief, at the time of the foreclosure; that he had made and lost the original, of which this was a copy, several years before. The latter part of subdivision 3 of the opinion in Howard v. McDonough, 77 N. Y. 592, sustains the ruling. The evidence of Mr. Connelly and of Mr. Moses was sufficient to sustain the finding as to the value of the chattels. If it were error to exclude the prices paid by the witness Leibenger, when he subsequently bought the chattels, it was substantially cured by the admission of his testimony as to their value. It was entirely competent to cross-examine Mr. Sanders as to any alleged statements which varied with his testimony in chief, and to contradict him if he denied the statements. Patchin v. Astor Mutual Insurance Co., 13 N. Y. 268; Squier v. Hanover Fire Ins. Co., 162

N. Y. 552, 57 N. E. 93, 76 Am. St. Rep. 349. As he had testified on the direct that there was, in effect, no consummated sale, his statements, if made, .were inconsistent with his testimony. I think that his attention was sufficiently called to the occasions of his alleged conversation. Wiberg v. Nassau Electric R. R. Co., 54 App. Div. 541, 66 N. Y. Supp. 1098. I think that the contract between Connelly, the judgment debtor, and the defendant, made prior to the execution of the mortgage, was admissible to show his residence at the · time in question. Burr, Jones on Evidence, § 245. In any event, there is other evidence sufficient to sustain the finding.

So far as the defendant Entwistle, the trustee in bankruptcy of the judgment debtor, is concerned, I think that his judgment is warranted by the facts, and may be sustained in law. If he could not attack the chattel mortgage on the ground taken by the receiver (Stewart v. Platt, 101 U. S. 731, 25 L. Ed. 816), he was entitled to recover any property of the bankrupt. He has recovered the excess of the proceeds of the sale over the debt due to the mortgagee, and for the conversion of certain chattels by the mortgagee which were not covered by the mortgage, and for the value of the liquor tax certificate, which was transferred to the said company defendant for the express purpose of payment of a debt of the bankrupt. The third cause of action, based upon the said certificate, as pleaded by the trustee, is based upon a preference. To this the defendant neither answered nor demurred. The court based its judgment not only upon the alleged preference, but also upon the ground I have just indicated. Now, Mr. Connelly, the judgment debtor and bankrupt, testified without objection that when he was asked to transfer the license to the defendant corporation ·he refused on the ground that he owed the Liebmanns for it, and that the representative of the defendants then agreed that, if he would transfer the same, they would. have to pay the Liebmanns $1,000, and that they would pay the balance which Connelly owed the Liebmanns to them, and that this was so stipulated. I think the finding was within the powers of the court. Gillies v. Improvement Co., 147 N. Y. 420, 42 N. E. 196; Farmers' L. & T. Co. v. Housatonic R. R. Co., 152 N. Y. 251, 46 N. E. 504.

The trustee pleads that Mr. Connelly, the bankrupt, assigned all his right, title, and interest in the conversion .cause of action to Mr. Douras prior to the adjudication in bankruptcy in trust for his benefit, and that Douras thereafter reassigned to the said trustee. The petition in bankruptcy was filed in March, 1900, and the said assignment to Douras was made in December, 1899. The pleading is that Douras subsequently assigned to the trustee. It does not appear when this subsequent reassignment was made. At least this is the record now before us.

The learned counsel for the appellant does not always remember that the trustee is not suing to set aside the chattel mortgage, but for a conversion of certain chattels which were not covered by the mortgage, but which were taken when the mortgagee took possession under the foreclosure. The codefendant has no title to such chattels, and they belong, as against him, to the owner, Connelly, or to whom-

ever stands in his shoes. The appellant argues that the trustee has no right to sue upon this claim. I fail to find adequate proof that the assignment to Mr. Douras was for the benefit of Connelly. The argument advanced is that, if the assignment to Mr. Douras was absolute, then his assignment to the trustee represented property acquired after the adjudication in bankruptcy. But the trustee does not make title merely by virtue of his office, but by this express assignment. The defendant has no legal interest, save that he may not be compelled to pay twice over. Sheridan v. The Mayor, 68 N. Y. 30; Stone v. Jenkins (Mass.) 4 Am. Bankr. Rep. 568, 57 N. E. 1002, 79 Am. St. Rep. 343. Now, the claim belongs either to Mr. Connelly, Mr. Douras, or to the trustee. But Mr. Douras could not sue in the face of his assignment and of the estoppel of his testimony that he had assigned all of his rights as plaintiff and to the claim. And Connelly could not be heard again, despite the recovery by his trustee, for the reason that, even if that recovery represented his own property, the court would undoubtedly hold that the present action was maintained by the consent of the bankrupt. Stone v. Jenkins, supra. In order to interpose any proper defense, the debtor, as was said in Mitander v. Sonneborn, 29 Hun, 407, might prove that the demand was still the property of the original creditor. But there was no attempt made to do this thing.

The judgment and orders should be affirmed, with costs. All concur.