### In re BECKER BROS.

#### (District Court, M. D. Pennsylvania.　July 31, 1905.)

#### No. 547.

BANKRUPTCY—RIGHT OF SET-OFF—DAMAGES FOR TORT.

　　Bankr. Act July 1, 1898, c. 541, § 68a, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], which provides for a set-off of mutual debts or mutual credits, does not authorize the setting off against the claim of a landlord for rent under a lease to the bankrupt of an unliquidated claim for damages in favor of the bankrupt, sounding in tort, and arising independently of the contract of lease.

In Bankruptcy.　On exceptions to report of W. L. Hill, referee. Sur petition of bankrupts for allowance of set-off to landlord's claim for rent.

Charles L. Hawley, for exceptions.
W. S. Bevan, contra, for landlord.

ARCHBALD, District Judge.　Attempt is made in this case to set off against a claim for rent, which has been duly proved, a counterclaim for damages against the landlord for negligently allowing water to come in upon the premises leased by the bankrupts, by which the bowling alleys which they had constructed there were injured. The referee has found in favor of the landlord on the merits, but he has also decided that the claim for damages is not, in any event, available as an offset, being unliquidated, and arising out of a tort; and, as the latter ruling effectually disposes of the case, and must unquestionably be sustained, it is not necessary to consider the other.

If the case were to go by the state law, it is clear that no such set-off or counterclaim would be maintainable. It does not arise out of any duty imposed on the landlord by that relation, or the covenants of the lease, but is admittedly based on the larger obligation outside of that, by which, as it is said, he was bound to do or suffer no act by which the tenants should be injured or interfered with in the enjoyment of the premises demised. But it was expressly held in Groetzinger v. Latimer, 146 Pa. 628, 23 Atl. 393, following a number of preceding cases, that matters sounding in tort, and arising out of a different transaction, cannot be used as

a set-off against an unrelated claim. In that case, to make the analogy complete, the plaintiffs sued for rent; and the defendants put in a counterclaim for damages sustained by reason of the unlawful seizure of their property on landlord's warrant, and the consequent interference with and injury to their business. But it was held that this, in effect, was a tort, which would form the subject of an action ex delicto, and could not, therefore, be brought in as a set-off.

The case is to be disposed of, however, by a reference to the bankruptcy act, and the question is as to what is there provided. By section 68 (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]) it is declared:

"(a) In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

Also that:

"(b) A set-off or counter claim shall not be allowed in favor of any debtor of the bankrupt which is not provable against the estate."

The bankruptcy act of 1867 had a substantially similar provision, which was itself taken from the earlier English acts, under which it was decided that by "mutual credits" are meant such as must, in their nature, terminate in debts, or a debt be in the contemplation of the parties. Ross v. Hart, 8 Taunt. 499, 2 Smith's Lead. Cases, 309; Naoroji v. Bank of India, L. R. 3 C. P. 444; Libby v. Hopkins, 104 U. S. 303, 26 L. Ed. 769. It was accordingly held in the latter case that, in a suit by an assignee in bankruptcy to recover money sent to the defendants by the bankrupt in trust to be applied to a specific purpose, a debt due by the bankrupt to the defendants could not be set off. It is true that in Booth v. Hutchinson, L. R. 15 Eq. 30, a tenant, from whom rent was due to the bankrupt estate, was held entitled to set off damages arising out of a breach of the lease. And in Peat v. Jones, 8 Q. B. Div. 147, and Jacob v. Kipping, 9 Q. B. Div. 113, in an action to recover the unpaid balance due on goods contracted to be sold and delivered by the bankrupt, damages accruing in the one case from the nondelivery of a part of the goods, and in the other from fraudulent representations made in the course of the sale, were allowed to come in. But these cases arose under the more recent English acts, in which the words "mutual dealings"—a much more comprehensive term than "mutual credits"—appeared;[1] and in Peat v. Jones, as well as in Jacob v. Kipping, it is pointed out that the damages sought to be set off grew directly out of a breach of the obligation involved in the contract of sale. That there was no intention of departing from the earlier construction by anything which is so decided is shown by Palmer v. Day (1895) 2 Q. B. 618, where it was said by Russell, C. J.:

"The section [of the English bankruptcy act relating to the subject of setoff], in its present shape, has been held applicable to all demands provable in

---

[1] Although in Makehan v. Crow, 15 Com. Bench (N. S.) 47, a similar ruling was made under the prior law.

bankruptcy, and so to include claims as well in respect of debts as of damages, liquidated or unliquidated, provided they arise out of contract. But whilst the right of set-off has been thus widely extended, it is still subject to the limitation that the 'dealings' must be such that, in the result, the account contemplated in the section can be taken in the way described. In other words, the dealings must be such as will end on each side in a money claim."

Consistently with this it was also held in Eberle Hotel v. Jonas, 12 Q. B. Div. 459, that where, in winding-up proceedings, where the bankruptcy rule prevails, the liquidator of the company which is being wound up is entitled to a return of goods in specie, and has brought an action of detinue therefor, the defendants will not be allowed to assert a counterclaim for goods supplied, on the ground of mutual dealings.

These cases consider the question from the reverse standpoint from which it comes up here; that is to say, the right of set-off is not claimed in behalf of the estate, but against it. But that is not material. The principle is the same, and, by it, it is clear that, from whatever side considered, it cannot be regarded as extending to a claim for damages, sounding in tort, and growing out of an entirely different and independent transaction. The right of action, no doubt, vested in the trustee, in the present instance, to recover the damages alleged to have been done to the bankrupts' property. Section 70a (6), 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451]. And the composition offered by the bankrupts having been accepted and confirmed, this right has now reverted to them again. Section 70b. So that no difficulty arises upon that score. The bankrupts would therefore unquestionably be entitled to have the claim for rent reduced in the way they ask, in relief of the composition which they are to pay, if only the counterclaim which they set up could be entertained. But for the reasons stated, it cannot be, and the action of the referee in rejecting it must therefore be sustained. The suggestion that, unless the set-off is allowed, the bankrupts will be without remedy, even if it afforded the basis for an argument, is met by the consideration, which has just been alluded to, that by the express provision of the act the bankrupts are reinvested by the composition with all their pre-existing rights, which they can enforce by action, the same as though bankruptcy had not intervened. Stone v. Jenkins, 176 Mass. 544, 57 N. E. 1002, 79 Am. St. Rep. 343; 4 Am. Bankr. Rep. 568.

The exceptions are overruled, and the action of the referee in refusing to reduce the rent by the set-off claimed is confirmed, without prejudice, however, to the merits of the claim, which are not passed upon.