### PEOPLE v. CAMOROTO et al.

(Supreme Court, Appellate Division, Second Department. June 11, 1909.)

1. WITNESSES (§ 387\*)—IMPEACHMENT—INCONSISTENT STATEMENTS—CROSS-EXAMINATION.

On cross-examination of a state's witness, who has testified that he identified the accused, it is competent to ask whether he did not testify differently on the preliminary examination, without producing the minutes of the lower court.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1228–1232; Dec. Dig. § 387.\*]

2. CRIMINAL LAW (§ 1170½\*)—APPEAL—HARMLESS ERROR—EVIDENCE.

On a criminal trial, exclusion of a question on cross-examination as to whether witness had not testified differently on the preliminary examination was error affecting a substantial right, and not a mere technical error, to be disregarded under Code Cr. Proc. § 542.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1170½.\*]

Appeal from Kings County Court.

Frank Camoroto and others were convicted of assault, and appeal from a judgment and order denying their motion for new trial. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Thomas C. Whitlock, for appellants.
Peter P. Smith, Asst. Dist. Atty., for the People.

HIRSCHBERG, P. J. The judgment must be reversed for an error in ruling upon the evidence. It is true, as claimed by the respondents, that mere technical errors, not necessarily affecting the substantial rights of the appellants, should be disregarded, as provided for by section 542 of the Code of Criminal Procedure; but the error presented herein does not seem to be one of that character.

A witness was called on the trial, on behalf of the people, by whose testimony it was sought to identify the defendants. They were 200 feet away from the witness at the time. The day was rainy, and he claimed to have identified them by their profiles while they were in the act of running away. On cross-examination, he was asked if he had not testified on the preliminary examination in the magistrate's court that it was a foggy day, that he had no clear view of the men,

and that they were so far away that he saw nothing but their backs. The defendants' counsel stated that the object of the evidence was to prove that the witness had testified, on the occasion referred to, that for the reasons stated he could not identify the defendants. The court ruled that such evidence would not be allowed, and that the minutes of the lower court must be produced for the purpose of showing any difference in the testimony. The proposed evidence was vital to the defense, and its exclusion was clearly erroneous. People v. Thornton, 46 Hun, 643, 644; Oderkirk v. Fargo, 61 Hun, 418, 422, 16 N. Y. Supp. 220; Wiberg v. Nassau Electric R. R. Co., 54 App. Div. 541, 543, 66 N. Y. Supp. 1098.

The judgment and order should be reversed.

Judgment of the County Court of Kings county, convicting the appellants of the crime of assault in the second degree, and order denying motion for new trial, reversed, and new trial ordered. All concur.