(64 Misc. Rep. 333.)

### BARRETT v. MACK et al.

(Supreme Court, Equity Term, Erie County. May, 1909.)

1. CHATTEL MORTGAGES (§ 196*)—BILL OF SALE AS SECURITY FOR DEBT—FAILURE TO FILE—EFFECT AS TO CREDITORS.

Failure to file a bill of sale given as security for a debt, there being no change of possession, renders is void as against existing creditors of the seller.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 429; Dec. Dig. § 196.*]

2. CHATTEL MORTGAGES (§ 196*)—BILL OF SALE AS SECURITY FOR DEBT—FAILURE TO FILE—EFFECT AS TO CREDITORS.

One executing to a creditor a bill af sale as security for his debt thereafter surrendered his equity of redemption to the creditor, who took possession of the property and sold it. Held that, there being no fraud, failure to file the bill when made did not vitiate it as to another creditor subsequently obtaining judgment.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 429; Dec. Dig. § 196.*]

Action by Nelson T. Barrett, as receiver, etc., against William G. Mack and another. Judgment for defendants.

Martin & Geyer, for plaintiff.
George P. Keating, for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WHEELER, J.   The substantial facts of this case are that on August 31, 1907, the defendant William H. Beyers was indebted to the defendant William G. Mack in the sum of $3,000.   To secure the payment of this indebtedness, most of which was for moneys advanced on that day, Beyers gave Mack a chattel mortgage covering property with which this action has nothing to do, and as additional security for the payment of this indebtedness Beyers gave Mack a bill of sale covering certain horses, harnesses, and wagons, for the recovery of which this action is brought by the plaintiff as receiver of the property of William H. Beyers under a judgment recovered against said Beyers.   The bill of sale in question was not filed until some time in the December following.   The evidence tends to show that Mack went into immediate possession of the property covered by the bill of sale, and continued in possession of the property until the 1st day of February, 1908, when he sold the property, and that Beyers was employed by Mack to look after the property until about November 1, 1907.

Whether Mack or Beyers was in possession of the property prior to November 1st is, in our opinion, immaterial to the disposition of this case; for on or about the 1st day of November Beyers, seeing that the business was not paying, became discouraged, and told Mack to take the property and save himself.   As Beyers expressed it, he "laid down."   In any event, it appears that Beyers surrendered to Mack his equity of redemption in this property, and on or about that day Mack did take possession of the property, and held it until he sold the property in February following.   Mack paid all rent, feed bills, and other expenses incident to the business, and also took all the earnings, and, so far as the evidence shows, Beyers from that time on never claimed or asserted any right or interest either in the property covered by the chattel mortgage or the bill of sale.   On the 22d day of January, 1908, the Faramel Company recovered a judgment against Beyers, and upon this judgment proceedings supplementary to execution were subsequently had, and the plaintiff in this action was appointed receiver of the property of the defendant Beyers.   Accordingly this action was brought to recover the property covered by the bill of sale, or its value, on the ground that the bill of sale was made prior to the time of its delivery and was not accompanied by immediate possession.

The court is satisfied from the evidence that there was no fraud in the transaction between Mack and Beyers, that the indebtedness assumed to be secured was perfectly valid, and that the chattel mortgage and bill of sale were not made with the purpose or intent of cheating or defrauding the creditors.   It simply remains, therefore, a question of law whether the failure to file the bill of sale in question at the time of the giving of the same vitiated it and rendered the subsequent transactions void as against the judgment creditor whom the receiver in this action represents.

We think the plaintiff cannot reach the property or recover in this action.   It is true that the failure to file the bill of sale, there being no change of the possession of the property, rendered it void as against creditors then existing.   Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073. And, had the judgment creditor in this action recovered a judgment

and made a levy upon the property covered by the bill of sale prior to the defendant Mack taking possession of the same, there would be no question that the bill of sale would have been declared void as against an execution in the hands of the sheriff; but it appears that before any such thing had been done, before even a judgment had been recovered, Beyers, the person who executed the bill of sale, voluntarily delivered possession of the property covered by it to the defendant Mack, and he did in fact actually take the same into his possession and control. This very question was up for adjudication in the case of Stephens v. Perrine, 143 N. Y. 481, 39 N. E. 12, where the court said:

"If, before any lien had been acquired by the creditors, the mortgagors had delivered the property to the mortgagee in payment of her debt, she could have then held it, because it would have been in such a case a transfer of property by them in payment of their debt, and although it would have been in fact preferring such debt, yet it would have been a preference which the mortgagors then had the right to make."

If there had been no bill of sale executed, and Beyers had said to the defendant Mack, "I can go no further; take this property and save yourself," and, acting under such authority, Mack had taken the property without the existence of any bill of sale, there can be no question, in our opinion, that it would have been a valid transfer in payment of his indebtedness, and that he would have had a right to the same as against any judgment creditors.

In the case of Castleman v. Mayer, 55 App. Div. 515, 67 N. Y. Supp. 229, affirmed in 168 N. Y. 354, 61 N. E. 282, it was held that where, at the time of the execution of a chattel mortgage, which was not filed, and the delivery of the possession of the chattels was only colorable, and by the express terms of the mortgage it was contemplated that the mortgagor should remain in possession, and the change of ownership and possession were intentionally concealed from the public, the subsequent act of the mortgagor in delivering the actual possession of the property to the mortgagee and the subsequent sale by the mortgagee would, in the absence of fraud on the part of the parties to the transaction, be sustained as against a general creditor of the mortgagor whose claim had accrued at the time when the mortgage was given, but who did not recover judgment thereon until after the actual delivery of possession of the mortgaged property by the mortgagor to the mortgagee.

We, therefore, are of the opinion that these cases must be held decisive of the case before us. Let findings be drawn accordingly, and judgment entered dismissing the plaintiff's complaint, with costs.