Brown, J.
The chattel mortgage to the defendants was executed and delivered by Mrs. Mann on May 18. On May 19, at about 8.30 A. M., Mann executed and delivered to the plaintiff, a general assignment of all his property for the benefit of his creditors, and .the assignee immediately took possession. The chattel mortgage was filed in the town clerk’s office about noon, May 19. On May 22, there having been default in the payments secured to be made by the mortgage, the defendants took possession of the mortgaged property, and sold the same.
This action is brought' by the assignee to recover the value of the property taken by the defendants under the mortgage.
The assignment was complete, and the title to the assigned property passed to the assignee, upon delivery to him of the deed of assignment (Warner v. Jaffray, 96 N. Y. 248). The sole question in the case, therefore, is, did the assignee take title subject to the mortgage, or was the mortgage void as to him for the reason that it had not been filed in the town clerk’s office ?
*336 Section 1, ch. 279, Laws of 1833, provides, that “Every mortgage, or conveyance intended to operate as a mortgage, of goods and chattels hereafter made, which shall not bp aeeompanied'bv an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be tiled,” etc. And section 1, eh. 314, Laws of 1858, provides, that any assignee of the property of an insolvent estate may, for the benefit of creditors, etc., dis-affirm, and treat as void, all acts, transfers and agreements made in fraud of the rights of any creditor, etc.
This question was considered, by the court of appeals in the case of Van Heusen v. Radcliff (17 N. Y. 580). It was there decided that an assignee in trust for creditors, could not impeach the mortgage for want of filing.
This case, although decided after the passage of the act of 1858, arose before it, and the statute was probably not applicable to the case. It is, however, decisive of this action, unless the effect of the statute of 1858, is to enable the assignee to treat the mortgage as void for want of filing.
The question was before the general term of the third department, in the ease of Ball v. Slafter (26 Hun, 353), and the decision of the court was to the same effect as in Van Heusen v. Radcliff. Judge Leabned expressed no opinion upon this point, but concurred upon another ground., But the opinion of the court, concurred in by two judges, was to the effect, that under the statute of 1858, the assignee could not take advantage of the failure to file the mortgage; and that the right given by that statute to invalidate a transfer of property, extends only to defects based upon fraud or fraudulent intent.
In Reynolds v. Ellis (34 Hun, 479), the question was before the general term of the fifth department, and the court then held that the failure to file the mortgage rendered it absolutely void as to the assignee. This decision *337 was also made by .two judges, Justice Bradley concurring in the result, but not in the opinion of the court.
This case, and Ball v. Slafter (supra), were taken to the court of appeals, but in each case that court affirmed the judgment on the ground that an agreement existing in each case between the mortgagor and mortgagee, that the mortgagor might sell the mortgaged property at retail, and apply the proceeds as lie chose, rendered the mortgage fraudulent, in law and void, and in neither case did the court express any opinion upon the question involved in this action.
We are not concerned here with the question of fraud, as the jury have found that the mortgage was delivered in good faith, and without intent to defraud creditors.
I am not referred to any other case that bears directly upon this question, and my own examination has failed to find any other that has arisen since the statute of 1858. Whether that statute gave to the assignee the right to “ treat as void ” a mortgage which the mortgagee has failed to file before the assignment, is one not free from doubt.
"In Hanes v. Tiffany (25 Ohio St. 549), under a somewhat similar statute, it was held that a mortgage not filed was void as against an assignee. In Putnam v. Reynolds (44 Mich. 113), Judge Cooley intimates very strongly that his opinion is to the same effect.
On the contrary, in Stewart v. Platt (101 U. S. 731); Hauselt v. Harrison (105 Id. 406) ; and Yeatman v. Savings Institution (95 Id. 764), the supreme court of the United States held that an assignee in bankruptcy takes only the debtor’s rights in the absence of fraud, and consequently is affected with all claims, liens and equities which would affect the debtor if he were himself asserting his interest in the property.
To the same effect is In re Collins, 12 Blatchf. 548. This case arose in this State, and was tried before Justice Hunt, who should have been familiar with the New York law. The question turned wholly on the failure to file the .mortgage. In his opinion, he saysi c< So far as obtained *338 from State laws, the assignee would seem to have no power to attack the mortgage.”
In Southard v. Benner* (72 N. Y. 424), the statute of 1858 was under consideration. Although the point under discussion was not involved in that case, Judge Allen expressed his opinion as to the effect of the law, and at page 428, says: “ The non-compliance with a statute merely imposing a new condition to the validity of chattel mortgages, for the protection of the particular classes mentioned, and not involving the question of fraud or fraudulent intent, may well be restricted hi its operation to the individuals for whose immediate protection it was passed.”
The weight of authority thus clearly appears to be in favor of the validity of the mortgage.
Between the two cases of Reynolds v. Ellis (supra), and Ball v. Slafter (supra), at general term, the latter appears to he the best considered case. In the former, no reference is made to the statute, or to the cases holding the opposite opinion, and no authority is cited, and we are left entirely in ignorance of the reason for the court’s opinion. Moreover, this case is destroyed as an authority by a contrary holding by the same court at the same term, in the case of the Niagara County National Bank v. Lord, 33 Hun, 557, 564.
In my own opinion, it was not intended by the statute of 1858 to declare the mortgage void as to any other class of persons than those named in the act of 1833.
There is a very plain distinction between a mortgage *339 absolutely void for failure to do a particular act, and one declared to be void for fraud. In the former, the instrument never has any validity as against the class of persons named ; but in the latter, fraud is a fact to be proven in a legal proceeding, and until that fact is determined by a competent court, the instrument is to be treated as valid.
Until the act of 1858, an assignee deriving his title solely from his assignor, could assail a transfer of property on no other ground than those for which his assignor might have assailed it. Fraud was not one of these grounds; and as an assignee frequently obtained title to the assigned property, and entered upon the performance of his trust long before creditors could put themselves in a position to assail a fraudulent transfer ; the statute intended to give to the assignee, as a trustee for the creditors, the same power to assail a fraudulent conveyance which the «'editors would have had after they had obtained judgment and execution. But it did not intend that a transfer perfectly valid against creditors, should become void solely because the mortgagor chanced to make an assignment. The act of 1833 declared the instrument void for che failure on the part of the mortgagee to do an act necessary to perfect his security. After the delivery of the instrument, it was not in the mortgagor’s power to impair the security.
But if the plaintiff’s contention is sound, the act of 1858 has enabled the mortgagor, who has given a security valid against all other creditors, the power to destroy it by his own act. Such, in my opinion, is not the construction to be put upon the statute. Its operation is to be confined solely to the cases expressed in the law, viz., power to treat as void all acts done and transfers made with fraudulent purpose and intent.
The jury having found that the mortgage in question was delivered in good faith and without intent to defraud, it follows that, as against the assignee, it was a valid security, and the defendants are entitled to judgment on the verdict, with costs, and an allowance of five per cent.

 Also reported with the decision of the general term and the charge of the trial court, in 5 Abb. N. C. 184. It was held in this case that an assignee in bankruptcy, though he had not recovered judgment, could, under the act of 1858 (c. 314), maintain an action for the proceeds of a sale on foreclosure of a chattel mortgage given by the assignor to defendants, upon the ground that the mortgage was fraudulent, because given upon the understanding that the mortgagor might sell portions of the property from time to time, replenishing the stock by new purchases, and apply the proceeds of sales to Ms own use, and not to the mortgage debt.