EDWIN B. SHELDON, Appellant, *v.* RICHARD WICKHAM, and
   WILLIAM J. HILLIS, as Assignee for the Benefit of Creditors
   of RICHARD WICKHAM, Respondent.

CHATTEL MORTGAGE — FAILURE TO FILE — RIGHT OF ASSIGNEE FOR
THE BENEFIT OF CREDITORS TO TAKE ADVANTAGE OF — L. 1858, CH. 314.
An assignee for the benefit of creditors cannot, in an action to foreclose a
mortgage, covering both real and personal property, executed by the
assignor prior to the assignment, when there is no claim of fraud in the
transaction, avail himself of the defense that the mortgage is void as to
the personal property, because not filed as a mortgage of chattels, as an
unfiled chattel mortgage cannot be treated as a transfer of property in
fraud of the rights of creditors, and therefore does not fall within chapter
314 of the Laws of 1858, permitting assignees to disaffirm and treat as void
transfers in " fraud " of the rights of creditors, without having such
claims established by a judgment.

*Sheldon* v. *Wickham*, 27 App. Div. 628, reversed.

(Argued December 4, 1899; decided January 9, 1900.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
March 2, 1898, affirming a judgment in favor of the defend-
ant Hillis as assignee, entered upon the report of a referee.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*George H. Mallory* for appellant. The machinery in this
case was made a part of the real estate for the purposes of
the mortgage, by express contract between the parties, the
owner and the mortgagee. (*English* v. *Foote*, 8 S. & M. 444 ;
*Van Ness* v. *Packard*, 2 Pet. 137 ; *McFadden* v. *Allen*, 134
N. Y. 489 ; *Buckley* v. *Buckley*, 11 Barb. 43 ; *Miller* v.
*Plumb*, 6 Cow. 665 ; *Noble* v. *Bosworth*, 19 Pick. 314.)
There can be no doubt but that the owner of a factory con-
taining machinery ponderous and necessarily connected with
a great engine and boilers, may make such engine and boilers
and machinery by intention and contract a part of the realty
for the purpose of a mortgage. (*Ford* v. *Cobb*, 20 N. Y. 344 ;
*Murdock* v. *Gifford*, 18 N. Y. 28 ; *Sheldon* v. *Edwards*, 35
N. Y. 279 ; *McFadden* v. *Allen*, 134 N. Y. 489 ; *Voorhees*

v. *McGinnis*, 48 N. Y. 278; *Kribbs* v. *Alford*, 120 N. Y.
519; *Potter* v. *Cromwell*, 40 N. Y. 287; *McRea* v. *C. Nat.
Bank*, 66 N. Y. 497; *Pierce* v. *George*, 108 Mass. 78; *Haley*
v. *Hammersley*, 3 De G., F. & J. 587.) This defendant Hil-
lis, as assignee for the benefit of creditors, has no right to raise
the question he seeks to raise, that is, that the lien fails in any
event, because the mortgage was not filed. (Thomas on Chat-
tel Mortgages, 323; *Van Heusen* v. *Radcliff*, 17 N. Y. 580;
*Southard* v. *Benner*, 72 N. Y. 424; *N. C. Nat. Bank* v.
*Lord*, 33 Hun, 558; *Steward* v. *Cole*, 43 Hun, 164; *Dorthy*
v. *Servis*, 46 Hun, 628; *Ball* v. *Slafter*, 26 Hun, 353; *Chris-
field* v. *Bogardus*, 18 Abb. [N. C.] 334; *Button* v. *Rathbone*,
126 N. Y. 187; *Kitchen* v. *Lowery*, 127 N. Y. 53.) ·

*Zeb A. Dyer* for respondent. There was no contract either
express or implied by and between the plaintiff, Edwin B.
Sheldon, and the defendant Richard Wickham, by which the
machines in question were made part of the real estate.
(*Crim* v. *Starkweather*, 136 N. Y. 635; *White* v. *Benjamin*,
150 N. Y. 258; *E. V. B. Co.* v. *Prosser*, 157 N. Y. 289.)
The articles in question are not fixtures, and, therefore,
not part of the realty included in the mortgage. (*McRea* v.
*C. Nat. Bank*, 66 N. Y. 489; *Murdock* v. *Gifford*, 18 N. Y.
28; *Scobell* v. *Block*, 82 Hun, 223; *E. V. B. Co.* v. *Prosser*,
157 N. Y. 289.) The machines in question were not included
in the mortgage of the real estate. (*Amherst College* v.
*Ritch*, 151 N. Y. 282; *Petrie* v. *Trustees of Hamilton Col-
lege*, 158 N. Y. 458.) This mortgage, so far as it affects the
machines in question, being a chattel mortgage and not hav-
ing been filed, is void as to creditors. (L. 1833, ch. 279; L.
1879, ch. 418; *Stephens* v. *Perrine*, 143 N. Y. 476.) The
defendant Hillis, as assignee of Richard Wickham, is trustee
for all the creditors of said Richard Wickham. (*Bowdish* v.
*Page*, 81 Hun, 170.) The defendant Hillis, as assignee, being
trustee for the creditors of Wickham, his position is equal to
a creditor with a judgment, and the mortgage, being void as
to the creditors, is void as to him. (*Reynolds* v. *Ellis*, 103

N. Y. 115.) The defendant Hillis, as assignee for the benefit of the creditors of Richard Wickham, is bound to resist all acts done in fraud of the rights of the creditors of Wickham. (L. 1858, ch. 314; L. 1889, ch. 487; L. 1894, ch. 740.)

HAIGHT, J. This action was brought to foreclose a mortgage bearing date April 15th, 1891, given by Richard Wickham, the defendant, to the plaintiff to secure the payment of $12,000. The property mortgaged consisted of a lot or parcel of land situate in the eighth ward of the city of Albany, on the west side of Broadway, and being the same property embraced in a deed to Wickham by Benjamin W. Arnold, Jane T. Arnold and Harriet A. Arnold, wife of Benjamin W. Arnold, which deed was delivered concurrently with the mortgage which included "the buildings, machinery and all other fixtures thereon." It appeared that for many years prior to this conveyance the defendant Wickham had occupied the premises as the tenant of Arnold; that he had built a building thereon in which he had placed machinery; that, on the 15th day of April he had purchased from the Arnolds the real estate and had borrowed the money of the plaintiff for the purpose of paying the purchase price, and that the mortgage in question was given by the defendant Wickham to the plaintiff to secure such payment. Subsequently, the defendant Wickham made a general assignment to the defendant Hillis for the benefit of creditors. The complaint alleges that the defendant Wickham, in giving the mortgage to the plaintiff, "intended to include in the mortgage all the boilers, engines, gearings, belts, shafting, and other machinery and fixtures, tools and appendages of every name and kind used in or connected with the said real estate and buildings and the business there carried on, and that said machinery and fixtures, tools and appendages, were intended to be and were made inseparable fixtures and a part of the realty included in and conveyed by said mortgage." The defendant Hillis answered, denying this allegation, claiming that much of the machinery, tools and appendages upon the premises were

personal property. The mortgage was recorded as a mortgage of real estate, but was not filed as a mortgage of personal property. The assignee claimed that the machinery, tools and appendages which were not attached to the building in such a manner as to become real estate, passed to him under the general assignment.

The case was referred to a referee, who has found that certain machinery, which he specifically describes, which was upon the premises at the time of the giving of the mortgage, was personal property, and as a conclusion of law that it passed to the assignee. The Appellate Division, by a divided court, has affirmed the judgment upon the authority of *Stephens* v. *Perrine* (143 N. Y. 476).

As we have seen, the instrument now sought to be foreclosed was a mortgage upon both real and personal property, and the question presented on this review is whether it is void as to the personal property by reason of the failure of the plaintiff to file it as a mortgage of chattels.

Under the statute " Every mortgage, or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed," etc. (Laws of 1833, ch. 279, § 1.) It has been repeatedly held that such a mortgage is only void as to the persons mentioned in the statute, to wit, purchasers in good faith, and creditors who are armed with some legal process authorizing a seizure of the property, and that it is valid as to the mortgagor and all other persons. The mortgagor, in assigning his property to the defendant Hillis, could not transfer to him any greater right with reference to this property than he theretofore possessed, and if the mortgage was valid as to him, it followed that it was valid as to his assignee. This was expressly held in this court as early as the case of *Van Heusen* v. *Radcliff* (17 N. Y. 580), and

the same principle has been since repeatedly asserted in numerous cases.    This was the unquestioned condition of the law down to the time of the enactment of chapter 314 of the Laws of 1858.    This legislation gave to an executor, administrator, receiver, assignee or other trustee the right to disaffirm, treat. as void and resist all acts done, transfers and agreements made in fraud of the rights of any creditor, etc.    This statute, with some amendments not material to be now considered, has been incorporated in the Personal Property Law of 1897.    It invested assignees with a power which they did not theretofore possess.    They were permitted, as the representatives of general creditors, to disaffirm and treat as void, transfers and -agreements made in fraud of the rights of creditors, without having such claims established by a judgment.    But it will be observed that no mention is made in this statute with reference to unfiled chattel mortgages.    Unless, therefore, they can be treated as transfers of property in fraud of the rights of creditors, this statute does not effect a change in the law so far as the question under consideration is concerned.

In *Matter of Collins, a Bankrupt* (12 Blatch. 548) it was held with reference to the statute which we here have under consideration, that an assignee in bankruptcy could not attack an unfiled chattel mortgage, for the reason that he did not represent a judgment creditor with an execution or a purchaser in good faith; that the assignment to him conferred upon him no greater right to attack the mortgage than the bankrupt had.

In the case of *Southard* v. *Benner* (72 N. Y. 424) ALLEN, J., in commenting upon the above case, follows it as an authority, so far as an unfiled mortgage is concerned, saying with reference to such a mortgage that " the non-compliance with a statute, merely imposing a new condition to the validity of chattel mortgages for the protection of the particular classes mentioned, and not involving the question of fraud or fraudulent intent, may well be restricted in its operation to the individuals for whose immediate protection it was passed."    The individuals for whose immediate protection it was passed, as

we have already seen, were those mentioned in the statute, being creditors in position to acquire a lien by virtue of an attachment or an execution upon a judgment and purchasers in good faith.

In *Ball* v. *Slafter* (26 Hun, 353) the court, in its opinion, speaking of the rights of an assignee under the law of 1858, says that he "cannot take advantage of the failure to file the mortgage, for the statute does not say that such failure makes the mortgage fraudulent as to creditors, but simply that as to them it shall be void."

In *Niagara County Nat. Bank* v. *Lord* (33 Hun, 557) this question was carefully considered by Judge BRADLEY, who says : " The learned counsel contends that, within the meaning of the statute, the invalidity of a chattel mortgage as against creditors, etc., by reason of its not having been filed, is based on the ground of fraud, and that by reason of such omission it is deemed fraudulent. This contention is not supported. That statute provides that such mortgage, when not accompanied by delivery and followed by continued change of possession of the property, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers, etc., in good faith, unless the mortgage or a copy be filed in the office of the town clerk. (Laws 1833, ch. 279, § 1.) This statute is independent of 2 R. S. 136, § 5, and the invalidity of the mortgage as against creditors, etc., because not filed is not dependent on fraud, but the purpose of the requirement was to furnish means of notice or information of the lien and protection, and the consequence of the omission as against creditors and purchasers in good faith is in the nature of a penalty for such neglect.  *  *  *  The creditor who can avail himself of the omission to file a mortgage is he who has a judgment, and proceeds upon that and obtains a lien. A creditor at large cannot. (*Thompson* v. *Van Vechten*, 27 N. Y. 568 ; *Jones* v. *Graham*, 77 N. Y. 628.) The assignee of Jarvis, Lord & Co. was not a purchaser in good faith, and had no right, based upon the mere fact of omission to file the instrument in question, to assail it for that reason."

64

In the case of *Crisfield* v. *Bogardus* (18 Abb. N. C. 334) the question was elaborately considered by Judge BROWN, who, after a review of all the authorities, reaches the conclusion that an assignee cannot, under the law of 1858, set aside a chattel mortgage merely upon the ground that it was not filed. The same result was reached in the case of *Dorthy* v. *Servis* (46 Hun, 628).

In the case of *Reynolds* v. *Ellis* (34 Hun, 47) there is some apparent conflict, but in that case the main question discussed before the court was whether the instrument was a chattel mortgage. The question as to whether the assignee could avail himself of the defense that it was not filed does not appear to have been discussed or separately considered by the court, and was, doubtless, overlooked. This case was affirmed in the Court of Appeals (103 N. Y. 116), but in the opinion no allusion is made to the question now under consideration, and we, consequently, conclude that it was not called to the attention of the court. There is some conflict in the views of the courts of our sister states, under their statutes, but the Supreme Court of the United States appears to be in accord with the cases in our own state, to which we have alluded. ( *Yeatman* v. *Savings Institution*, 95 U. S. 764 ; *Stewart* v. *Platt*, 101 U. S. 731 ; *Hauselt* v. *Harrison*, 105 U. S. 401, 405. See, also, *Button* v. *Rathbone, Sard & Co.*, 126 N. Y. 187, and *Kitchen* v. *Lowery*, 127 N. Y. 53.)

We are thus brought to a consideration of the case of *Stephens* v. *Perrine* (143 N. Y. 476), relied upon by the court below. In that case, one of the questions involved was as to whether a receiver in supplementary proceedings could maintain an action to set aside a chattel mortgage and to recover the property covered by it or its value, which was alleged to be void by reason of a failure of the mortgagee to file. It must be borne in mind that in that case the receiver represented a judgment creditor, and his position was very different from that of an assignee. In that case it was held that the action could be maintained. The opinion, however, makes no allusion to the statute of 1858, or of the question which we,

in this case, have under consideration. We, therefore, are of the opinion that that case should not be regarded as controlling upon this question.

In the case of *Stephens* v. *Meriden Brittania Co.* (160 N. Y. 178) the powers of receivers in supplementary proceedings have again been elaborately considered in this court, and the result reached may not be strictly in accord with the views expressed in the case of *Stephens* v. *Perrine.*

In the case under consideration there is no claim of fraud in the transaction. Wickham purchased the real estate which he had theretofore held under a lease upon which he had constructed buildings in which he had placed his machinery. The plaintiff loaned him the money with which to make the purchase, taking the mortgage in question as a security for its payment. He did not attempt to hide the transaction from the view of creditors, for he had it recorded in the office of the clerk of the county. It, by an express provision, covered the machinery upon the premises, and our conclusion is that the defense interposed by the assignee to the effect that the machinery was personal property, and that the instrument was void for the reason that it was not filed, is not available to him.

The judgment should be reversed and a new trial granted, the costs to abide the final award of costs.

All concur (BARTLETT, J., in result).

Judgment reversed, etc.