(50 App. Div. 554.)

LAIN v. SAYER et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—CHATTEL MORTGAGES—SEIZURE OF
PROPERTY—ASSIGNEE'S RIGHTS.

Laws 1897, c. 417, provides that an assignee for creditors may disaffirm any transfer or agreement made in fraud of creditors' rights, and that a person interfering with an insolvent's personalty is liable to the assignee therefor. Laws 1833, c. 279, § 1, declares that a chattel mortgage not accompanied by immediate delivery and followed by actual and continued change of possession, shall be void as against the mortgagor's creditors and subsequent purchasers and mortgagees in good faith, unless the mortgage, or a copy thereof, be filed. *Held*, that where the holder of a chattel mortgage executed without fraud before the grantor's assignment for creditors forcibly took the property from the assignee, who had taken possession thereof before the recording of the mortgage, the assignee was not entitled to sue the mortgagee for wrongful seizure thereof, since the assignee could only disaffirm in case of fraud; and the failure to record the mortgage rendered it void as to judgment creditors, or creditors with process authorizing the seizure of property only.

Appeal from judgment on report of referee.

Action by David E. Lain, as assignee for the benefit of creditors of Edwin T. Hopkins, against Corwin E. Sayer and others. From a judgment on a referee's report in favor of plaintiff, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Daniel Finn, for appellants.
Thomas Watts, for respondent.

WOODWARD, J. The question to be determined upon this appeal is whether an assignee for the benefit of creditors may maintain an action at law for damages against the defendants, who took possession of certain goods and chattels under a chattel mortgage, the mortgage not having been filed at the time the assignee went into possession under the assignment, which goods and chattels were sold, the defendants retaining the proceeds for their own use and benefit. We are of opinion that the referee has erred in his conclusions of law. The facts found by the referee, briefly stated, are

as follows, in so far as they are necessary for the purposes of this appeal: For some time prior to January 17, 1898, Edwin T. Hopkins conducted a general store at 118 North street, in the city of Middletown, N. Y., and on this date he procured the indorsement of a promissory note by the defendants Sayer and Ferguson for $1,300. At this time he gave a chattel mortgage for $1,500, which mortgage was not filed. Subsequently the note was renewed, and a new mortgage was given, which was not filed. Finally, on the 17th day of May, 1898, this note was again renewed, but no mortgage was given at that time, though it was understood that a new mortgage would be given. On the 27th day of May, 1898, the mortgage now under consideration was made, but it was not delivered to the defendants until the 4th day of June, in the afternoon. This was on Saturday, and, the afternoon being a holiday, the office of the city clerk was closed, and the paper could not be filed, although the defendant Ferguson sought to do so. At 8:40 Monday morning the mortgage was filed. In the meantime Hopkins had made a general assignment to the plaintiff for the benefit of creditors, and the plaintiff entered into the possession of Hopkins' property at 7 o'clock Monday morning. Two days later the defendants took forcible possession of the property under the terms of the mortgage, and, after advertising the same, exposed the goods for sale, and they were disposed of at auction, without realizing enough to pay the indebtedness due to the defendants, who were obligated for the payment of the note. The plaintiff brings this action as one at law to recover damages for the conversion of the goods, and the learned referee has reported in his favor, a judgment in the sum of $2,833.54, with costs and disbursements, having been entered upon the report.

It is not contended that there is any fraud in the premises. The referee specifically finds that the chattel mortgage was "executed in good faith, and without intent to defraud the creditors of the said Edwin T. Hopkins"; that "as between Edwin T. Hopkins and the defendants Corwin E. Sayer and Mina C. Ferguson the chattel mortgage dated May 27, 1898, was in all respects valid and effectual, and that the said Edwin T. Hopkins had no defense against the same." This being true, how can his assignee have a superior right, and one which will permit him, in an action at law, to recover for the conversion of the goods covered by the mortgage in question? It is true, of course, that under the provisions of the personal property law (chapter 417, Laws 1897) the assignee may, "for the benefit of creditors or others interested in personal property held in trust, disaffirm, treat as void and resist any act done, or transfer or agreement made in fraud of the rights of any creditor, including himself, interested in such estate, or property, and a person who fraudulently receives, takes or in any manner interferes with the personal property of a deceased person, or an insolvent corporation, association, partnership or individual is liable to such executor, administrator, receiver or trustee for the same or the value thereof, and for all damages caused by such act to the trust estate"; but this does not give to the assignee the right to sue for the recovery of goods or their proceeds, where the mortgagee came into possession of the goods under

a mortgage made in good faith, and for the purpose of securing a legitimate debt of the assignor. There is no proof of fraud in the case at bar. The referee finds as a matter of fact that the transaction was in entire good faith, and the plaintiff relies upon the fact that the mortgage was not filed at the time of the assignment as the foundation for his action. The statute provides:

"Every mortgage, or conveyance intended to operate as a mortgage, of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed," etc. Laws 1833, c. 279, § 1.

"It has been repeatedly held," say the court in Sheldon v. Wickham, 161 N. Y. 500, 503, 55 N. E. 1045, "that such a mortgage is only void as to the persons mentioned in the statute, to wit, purchasers in good faith, and creditors who are armed with some legal process authorizing a seizure of the property, and that it is valid as to the mortgagor and all other persons. The mortgagor, in assigning his property to the defendant Hillis, could not transfer to him any greater right with reference to this property than he theretofore possessed, and, if the mortgage was valid as to him, it followed that it was valid as to his assignee."

We are of opinion that this mortgage, which it is conceded was valid as against plaintiff's assignor, was equally valid against the plaintiff. It was void as against judgment creditors of the mortgagor so long as it was not filed in the manner prescribed by law. "It was not, however, absolutely void," to use the language of the court in Stephens v. Britannia Co., 160 N. Y. 178, 181, 54 N. E. 781, "for it was good as between the parties thereto and as against creditors at large. It was only void as to judgment creditors, or creditors armed with some legal process authorizing the seizure of property. * * * It was valid as to all the world until attacked by a creditor standing upon an attachment or judgment." There is no doubt of the right of the plaintiff to bring an equitable action to set aside the mortgage upon the grounds of fraud, but, so long as the mortgage stands as the act of plaintiff's assignor, unimpeached for fraud, the plaintiff can have no standing in a court of law to maintain an action for damages. This is clearly the doctrine of Stephens v. Britannia Co., supra, as construed in Sheldon v. Wickham, 161 N. Y. 500, 55 N. E. 1045, and cases there cited.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.