(168 App. Div. 318)

HOF v. MAGER et al.

(Supreme Court, Appellate Division, Second Department.   June 17, 1915.)

1. CHATTEL MORTGAGES ⬥92—FILING—VALIDITY.
    A chattel mortgage, though not filed, is good as between the parties.

    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 152; Dec. Dig. ⬥92.]

2. CHATTEL MORTGAGES ⬥286—FORECLOSURE—REFEREE.
    In a suit in which mortgaged chattels were sold, the referee to sell has no title, and can transfer none, except such as he was empowered by the judgment to give.

    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 576; Dec. Dig. ⬥286.]

3. CHATTEL MORTGAGES ⬥152—FILING—OBJECTIONS.
    Only a subsequent purchaser in good faith can attack a chattel mortgage because not filed in accordance with Lien Law (Consol. Laws, c. 33) §§ 230–238.

    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 254, 266; Dec. Dig. ⬥152.]

4. JUDGMENT ⬥707—PARTIES BOUND.
    A chattel mortgagee, not a party to an action for conversion, and not claiming through any party, is not affected by the judgment there entered.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. ⬥707.]

5. CHATTEL MORTGAGES ⬥206—EXTINGUISHMENT.
    Where plaintiff was a mortgagee of chattels an interest in which, with real property, had passed to her husband, her joinder in a conveyance of the chattels and real property was not evidence of a merger of the chattel mortgage; the joinder being obviously to bar her dower.

    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 454; Dec. Dig. ⬥206.]

6. CHATTEL MORTGAGES ⬥153—BONA FIDE PURCHASERS.
    A chattel mortgage to secure an existing debt is not a subsequent mortgagee in good faith, entitled to attack an earlier chattel mortgage because not filed, and hence the earlier mortgage takes priority.

    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 255–262, 267, 268; Dec. Dig. ⬥153.]

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

. 7. CHATTEL MORTGAGES ⬳177—CONVERSION OF PROPERTY—SATISFACTION OF JUDGMENT—EFFECT.

Where, prior to the recovery of a judgment by the mortgagor against one who had·converted the mortgaged chattels, there had been a default in the condition of the mortgage, and the mortgagee had become the absolute owner, subject only to the right of redemption, and entitled to the immediate possession, satisfaction of the judgment for the full value transfers to the judgment debtor the title of both mortgagor and mortgagee, and the mortgagee cannot recover possession, but must look to the money paid to the mortgagor on the judgment.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 336, 340–357, 477; Dec. Dig. ⬳177.]

Appeal from Special Term, Suffolk County.

Action by Lillian Hof against Martin Mager and Annie C. Carpenter, impleaded with others. From the judgment, the named defendants appeal. Modified and affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Emil Schneeloch, of Jamaica (Edward J. McCabe, of New York City, on the brief), for appellant Mager.

Edward Lazansky, of New York City (Adolph Feldblum, of New York City, on the brief), for appellant Carpenter and appellee Hof.

STAPLETON, J. Lillian Hof sues to foreclose a chattel mortgage made to secure the payment of $1,950. The mortgage was made on May 1, 1911. The debt secured was payable February 28, 1912. The mortgagor was Marie A. Grening. The mortgagee was Anna Von der Leith. It was assigned to Lillian Hof on November 27, 1912. The chattels were mortgaged in an instrument which also mortgaged real estate. The real estate was hotel property, and the chattels were contained in the hotel. The mortgage was not filed as a chattel mortgage in compliance with article 10 of, the Lien Law [1] (chapter 38 of the Laws of 1909, constituting chapter 33 of the Consolidated Laws).

At the date of the execution and delivery of the mortgage Marie A. Grening was the owner in possession of the chattels. The mortgage debt was not paid at maturity. ·On September 19, 1911, Marie A. Grening sold and transferred the mortgaged chattels to the New York & Western Specialty Company, a domestic corporation, the principal business office of which, according to its certificate of incorporation, was located in the borough of Manhattan, city and state of New York. The transfer was contained in a deed which conveyed real estate. The company took possession of the chattels. On December 2, 1912, Jacob A. Freedman, a referee to sell, appointed by a judgment of the Supreme Court in an action in which John B. Harrison was plaintiff and Anna Von der Leith, Marie A. Grening, the New York & Western Specialty Company, and Paul C. Grening, the president and treasurer of that company, were defendants, delivered to John B. Harrison an instrument in writing purporting, among other things, to transfer the chattels mortgaged to secure the debt to Von der Leith. The judgment roll in that action is not in evidence. The court found that at the sale conducted by the referee the corporate defendant protested

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
[1] Amended by Laws 1910, c. 182, and Laws 1911, c. 326.

against the sale of any of the chattels covered by mortgage to one Martin Mager, hereafter considered, and that prior to the sale the corporate defendant here paid off a mortgage covering realty and chattels to secure the payment of $6,000. Harrison took possession of the chattels, and on the same day transferred them to Henry Hof, the husband of plaintiff, Lillian Hof, by a deed which also conveyed real property. Hof thereupon took possession of them.

Shortly before this period, and on November 26, 1912, the New York & Western Specialty Company, to secure a past-due indebtedness of $3,000, mortgaged certain chattels, including those we have been considering, to Martin Mager. The amount secured was payable on demand. That instrument was filed in the office of the town clerk of the town of Southampton on December 27, 1912, and in no other place. The learned trial court found as a matter of fact, notwithstanding the designation in the certificate of incorporation, that the mortgagor had its only office and carried on its principal and only business in the town of Southampton, and that its stockholders duly authorized and consented to the mortgage. In February, 1913, the corporate defendant brought an action against John B. Harrison and Henry Hof to recover damages for the conversion on December 2, 1912, of the chattels mortgaged to Mager, including those mortgaged to Von der Leith. The plaintiffs recovered judgment (which was entered June 28, 1913) for $2,040, the value of the chattels, which, with interest and costs, made the amount of the judgment $2,223.13. On July 22, 1913, that judgment was assigned to Annie M. Harrison, wife of the defendant therein, John B. Harrison. The consideration paid was $2,000. It was the money of John B. Harrison, and was paid to the plaintiff there, the corporate defendant here. On the same day Annie M. Harrison executed, acknowledged, and delivered to John B. Harrison a satisfaction of the judgment. The certificate of satisfaction was not filed. On June 16, 1913, Mager demanded payment of the amount secured by his mortgage.

Pending the suit for damages for conversion, and on April 18, 1913, Henry Hof and his wife, Lillian, by an instrument conveying the real estate, conveyed the chattels contained in the hotel to Annie C. Carpenter, who thereupon took possession of them. She remained in possession until August 15, 1913, when they were seized by the sheriff in an action begun by Mager against the corporate defendant and Annie C. Carpenter to foreclose his chattel mortgage. By stipulation upon the trial the actions in which Hof and Mager are plaintiffs were tried together. Henry Hof had no knowledge of the mortgage made by the corporate defendant to Mager until December 6, 1912, and after the transfer had been made to him, and he had taken possession. Annie C. Carpenter had no knowledge of the Mager mortgage until after the transfer of the chattels to her, and none until April 25, 1913.

The learned trial court decided that the mortgage given by Marie A. Grening to Anna Von der Leith, and assigned to the plaintiff, Lillian Hof, was a good and valid chattel mortgage at the time of the commencement of the action, and a good and valid lien on the chattels covered by it, superior to the lien of the mortgage made by the corporate defendant to Martin Mager; that Mager was not a subsequent

mortgagee in good faith, his mortgage having been given to secure an antecedent indebtedness; that Lillian Hof was entitled to a foreclosure of the Von der Leith mortgage; that the mortgage made by the corporate defendant to Martin Mager was a good and valid first lien upon the chattels covered by it and not included in the mortgage to Von der Leith, and a good and valid lien upon the other chattels, subordinate only to the Von der Leith mortgage. A referee was appointed to identify the chattels covered by each of these mortgages. The court also found that the filing of the Mager mortgage in the office of the town clerk of the town of Southampton was a valid filing, and that the defendant Carpenter, who purchased from Henry Hof and his wife, was not, as to the Mager mortgage, a subsequent purchaser in good faith.

Mager appeals from so much of the interlocutory judgment as adjudges the priority of the Von der Leith mortgage; and the defendant Carpenter appeals from so much of the interlocutory judgment as adjudges the validity of the Mager mortgage and as adjudges that Mager recover of her his costs and disbursements. It will be seen that the defendant Carpenter does not appeal from the judgment in favor of Lillian Hof.

[1-6] The investigation of this complex series of transactions may proceed from the conceded fact that prior to any of them Marie A. Grening was the owner in possession of certain chattels. She mortgaged them to Von der Leith. This mortgage was not filed. It was good as between the parties. Stephens v. Meriden Britannia Co., 160 N. Y. 178, 181, 54 N. E. 781, 73 Am. St. Rep. 678. It was assigned to the plaintiff, Lillian Hof. The assignment was not filed. There is no evidence that the mortgage was foreclosed and the mortgagee and assignee barred in the action brought by Harrison against Grening, the mortgagor, and Von der Leith, the mortgagee. The judgment roll was not offered in evidence. It cannot, therefore, be determined what relief was grantable in that action. Briggs v. Oliver, 68 N. Y. 336. The referee's deed is not helpful. The referee had no title, and could transfer none, except such as he was empowered by the judgment to give. Heller v. Cohen, 154 N. Y. 299, 308, 48 N. E. 527; Baer v. McCullough, 176 N. Y. 97, 105, 68 N. E. 129.

There is a finding that Marie A. Grening transferred the chattels to the corporate defendant, but there is no finding that the corporate defendant was a purchaser in good faith. It is only as such a purchaser that it may invoke the statute. The failure to file the mortgage made it void only as to the persons mentioned in article 10 of the Lien Law, supra. Sheldon v. Wickham, 161 N. Y. 500, 503, 55 N. E. 1045; Gildersleeve v. Landon, 73 N. Y. 609, 610; Southard v. Benner, 72 N. Y. 424, 428. Of course, the mortgagee in a mortgage made by a person who is not found to be a subsequent purchaser in good faith is in a position no more favorable to attack the unfiled mortgage. Lillian Hof was not a party to the action for conversion, and is unaffected by the judgment entered there. The deed to Carpenter, which Lillian Hof signed conjointly with her husband, obviously to release her dower

in the real property therein described, is no evidence of a merger of the chattel mortgage which she holds by assignment. Bascom v. Smith, 34 N. Y. 320.

We do not see why the plaintiff has not a prior lien for the amount secured by the Von der Leith mortgage upon the chattels described in that mortgage, or which may be identified by the terms used therein. The lien of the Hof mortgage being preserved, the sale of the chattels by Marie A. Grening to the corporate defendant was good as between the parties to that transaction. The mortgage made by the corporate defendant to Mager was given to secure an existing debt. It did not constitute him a subsequent mortgagee in good faith with the right to attack the validity of the Von der Leith mortgage for a failure to file as a chattel mortgage. Button v. Rathbone, Sard & Co., 126 N. Y. 187, 27 N. E. 266. It was good, however, as between the parties to that transaction, and is a lien upon the chattels described in that mortgage, or which may be identified by its terms, subordinate to the lien of the Von der Leith mortgage affecting the same chattels and without subordination as to chattels not covered by the Von der Leith mortgage, unless it was lost through the payment by Harrison of the judgment in the conversion suit by operation of the principle applied in Marsden v. Cornell et al., 62 N. Y. 215, 223.

[7] There was a default in the performance of the condition of the Mager mortgage on June 16, 1913. On June 6, 1913, there was a trial of the conversion suit and a verdict rendered. The damages were fixed at $2,040. The judgment was entered on June 28, 1913. The judgment was assigned for the sum of $2,000 on July 22, 1913, and on that day the judgment was satisfied.

Marsden v. Cornell et al., supra, is a case in which Marsden, the mortgagee of a chattel, sued Cornell for conversion. Nelson, who purchased from the mortgagor, who was the owner of the chattel, had theretofore sued Cornell for converting the chattel and recovered a judgment, which was paid. The court said:

"It thus appears that a default in the performance of the condition of the mortgage had occurred before the recovery of the judgment by Nelson against Cornell for the conversion. The effect of that default was that Marsden, the plaintiff, had become the absolute owner of the boat, subject only to the right of redemption in the mortgagee (sic) or his assignees, and had the right to take immediate possession of the boat. Lewis v. Palmer, 28 N. Y. 271; Hall v. Sampson, 35 N. Y. 274 [91 Am. Dec. 56]. Marsden was thus, at the time of the recovery by Nelson, the general owner, with the right of immediate possession. Nelson was thus the person who been (sic) deprived by Cornell of actual possession, and was as one who had the special property in the boat, and could and did maintain his action of trover. Marsden having the legal title, the general ownership, with the right of possession, could, at that time, have maintained trover for a conversion of the boat. Mattison v. Baucus, 1 N. Y. 295; Butler v. Miller, 1 N. Y. 497; Coles v. Clark, 3 Cush. (Mass.) 399. Thus either of them could maintain an action for a conversion of the chattel; whichever of them first recovered would recover the full value of it; a recovery thereof by either barred a recovery by the other; satisfaction of the judgment transferred the title of both to the judgment debtor, who thereupon held the property against the whole world; and the one who recovered was accountable to the other for the avails, according to their equitable rights. Thus, by the operation of these principles, Cornell acquired a title to the boat, which he can maintain against the plaintiff."

It was found as a fact that there was a default in the condition of the Mager mortgage prior to the time of the recovery and payment of the judgment. See Keiny v. Ingraham, 66 Barb. 250, 257. Whoever succeeded to the interest of Harrison acquired title free from the lien of the Mager mortgage and is entitled to the surplus remaining after the satisfaction of the Von der Leith mortgage, which mortgage is not assailed by the defendants in the action for conversion or their assignees. We think the defendant Carpenter in equity became vested with the chattels coming within the scope of the Harrison and Hof conveyances as soon as those chattels became the property of Harrison by the payment of the judgment in the action for conversion. See McCaffrey v. Woodin, 65 N. Y. 459, 468, 22 Am. Rep. 644, and cases cited. The complaint against Carpenter should therefore be dismissed.

Judgment modified, in accordance with the views herein expressed, and, as modified, affirmed, with costs to the plaintiff Hof and the defendant Carpenter against the defendant Mager. All concur; PUTNAM, J., in result. Settle order before STAPLETON, J.

The parties hereto having stipulated in open court that a Justice may be substituted in place of BURR, J., deceased, Mr. Justice THOMAS was so substituted.