CHARLES A. STICH, Plaintiff, *v.* JOHN PIRKL et al., Defendants.

(Supreme Court, Kings Special Term, July, 1917.)

Chattel mortgages — filing of — delay of more than ten months unreasonable — assignment for benefit of creditors — Debtor and Creditor Law, § 17.

A chattel mortgage unless filed within a reasonable time is void as against the creditors of the mortgagors, and a delay of more than ten months is unreasonable.

Under section 17 of the Debtor and Creditor Law, added by chapter 360 of the Laws of 1914, the assignee for the benefit of creditors of a mortgagor may attack the validity of the mortgage which was not filed for more than ten months after it was made.

ACTION in replevin.

Rufus L. Scott, Jr., for plaintiff.

Harry H. Schutte and Joab H. Banton, for defendants.

CROPSEY, J.   The plaintiff is the purchaser of some personal property under a sale had upon the foreclosure of a chattel mortgage which covered the property.  The defendant Seiden is the assignee for the benefit of creditors of the mortgagor.  The defendant Pirkl maintains a warehouse where the goods are stored.  The plaintiff sues in replevin.  The defendants claim that the mortgage was void because not promptly filed.  The fact is the mortgage was not filed for more than ten months after it was made.

Section 230 of the Lien Law provides that every mortgage for personal property where the goods remain in the possession of the mortgagor " is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article."  The article in question provides for the place and manner of filing but is silent as to the time of filing.  The courts, however, for the purpose of protecting the rights of creditors, have held that such mortgages must be filed within a reasonable time and unless that is done they are absolutely void as against creditors.  *Karst* v. *Gane,* 136 N. Y. 316; *Tooker* v. *Siegel-Cooper Co.,* 194 id. 442.  The delay of more than ten months is concededly unreasonable.

The plaintiff contends, however, that the mortgage was void only as against the persons named in the statute, that is, the creditors of the mortgagor, and

that the assignee for the benefit of the creditors of the mortgagor is not included. All the creditors of a mortgagor are entitled to the benefit of the provisions of section 230, whether or not they have reduced their claims to judgment. *Karst* v. *Gane,* 136 N. Y. 316; *Stephens* v. *Perrine,* 143 id. 476. But the general rule is that only judgment creditors can attack the validity of such a mortgage. *Skilton* v. *Codington,* 185 N. Y. 80. The courts, however, have made exceptions to this rule and have permitted ordinary creditors to assert the invalidity of the mortgage. *National Tradesman's Bank* v. *Wetmore,* 124 N. Y. 241.

The right of an assignee for the benefit of creditors to attack such a mortgage has been expressly denied. *Sheldon* v. *Wickham,* 161 N. Y. 500; *Lain* v. *Sayer,* 50 App. Div. 554. A similar ruling was made as to a trustee in bankruptcy. *Stewart* v. *Platt,* 101 U. S. 731. These cases and others of like import were decided on the ground that the assignee or trustee had no greater rights than the assignor or debtor, and as to them the mortgage was valid so it was valid as against the assignee or trustee; and the further ground of the decisions was that there was no statutory provision making the mortgage void as against the claims of the assignee or trustee.

Since the rendering of these decisions the new Bankruptcy Act was enacted. Section 67 of it reads: "Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate." There was no provision similar to this in the former Bankruptcy Act. Under this section the former adjudications have been held to be no longer applicable, and it is now settled that a trustee in bankruptcy can assert the invalidity of such

a mortgage. *Skilton* v. *Codington,* 185 N. Y. 80; *Benedict* v. *Zutes,* 88 Misc. Rep. 214; *Titusville Iron Co.* v. *City of New York,* 207 N. Y. 203–210.

If there was no provision of law other than this section of the Bankruptcy Act the court would probably be constrained to follow *Sheldon* v. *Wickham,* 161 N. Y. 500, for the provisions of the Bankruptcy Act do not apply to assignees for the benefit of creditors. But by chapter 360 of the Laws of 1914 a new section 17 was added to the Debtor and Creditor Law. The language of this section is almost identical with that of section 67 of the Bankruptcy Act. It evidently was copied from it. As the Court of Appeals has construed section 67 of the Bankruptcy Act to give a trustee in bankruptcy the right to assail the validity of a chattel mortgage that was not filed within a reasonable time it must follow that an assignee for the benefit of creditors now has the same right under the newly added provisions of section 17 of the Debtor and Creditor Law. For this reason the *Sheldon* case can no longer be considered an authority.

Moreover, such a holding is in line with the decisions under section 19 of the Personal Property Law. That section gives an assignee or trustee the right to attack the validity of a chattel mortgage made in fraud of creditors. While it is held that creditors who have not obtained a judgment cannot attack such a mortgage, it can be attacked by an assignee for the benefit of creditors. *Reynolds* v. *Ellis,* 103 N. Y. 115–123; *Loos* v. *Wilkinson,* 110 id. 195–209. So while a creditor who has not obtained a judgment may not be able to assert the invalidity of a mortgage an assignee for the benefit of creditors can now do so under the provisions of section 17 of the Debtor and Creditor Law.

As the mortgage under which the plaintiff claims

was void as against the assignee for the benefit of the creditors of the mortgagor, it follows that the plaintiff cannot recover and that judgment must be directed for the defendants with an exception to be noted by the plaintiff.

Judgment accordingly.