In the Matter of the Assignment for the Benefit of Creditors of BROWN BOMBER BAKING CO., INC., to RAYMOND T. FISKE, JR., Appellant.

MODERN INDUSTRIAL BANK, Respondent.

Argued May 16, 1944; decided June 14, 1944.

*N. William Welling* and *M. John Silver* for appellant.
I. Section 17 of the Debtor and Creditor Law invalidated the
non-complying mortgage as to the statutory assignee. (*Sheldon*
v. *Wickham,* 161 N. Y. 500; *Stich* v. *Pirkl,* 100 Misc. 594; *In Re
Adler,* 43 N. Y. S. 2d 357; *In Re Parkway Knitting Mills,*
36 F. Supp. 299, 119 F. 2d 605; *Elstelnat Holding Corp.* v.
*Palmer,* 314 U. S. 646.) II. The decision below nullifies section
17 of the Debtor and Creditor Law. (*Crosby* v. *Hillyer,* 24
Wend. 280; *Matter of Kogan,* 141 Misc. 412; *Stich* v. *Pirkl,*
100 Misc. 594; *Baldwin* v. *Standard Accident Ins. Co.,* 144
Misc. 53, 237 App. Div. 334, 262 N. Y. 575.) III. The assignee
is armed with legal process authorizing seizure of the property.
(*Sanford* v. *Boland,* 287 N. Y. 431; *Besuden* v. *Besuden,* 57
Ohio St. 508; *Paddell* v. *Janes,* 84 Misc. 212; *Matter of Feld-
man & Co., Inc.,* 237 App. Div. 720; *Skilton* v. *Codington,* 185
N. Y. 80.)

*Maxwell Wyckoff* and *George L. Livingston* for respondent.
I. An unrefiled chattel mortgage is valid as to all the world
until attacked by a creditor standing upon an attachment or
judgment. (*Sanford* v. *Boland,* 287 N. Y. 431; *Button* v. *Rath-
bone, Sard & Co.,* 126 N. Y. 187; *Stephens* v. *Meriden Britannia
Co.,* 160 N. Y. 178; *Sheldon* v. *Wickham,* 161 N. Y. 500; *In re
New York Economical Printing Co.,* 110 F. 514; *In re Burnham,*
140 F. 926; *Collins Case,* 12 Blatchf. 548.) II. Under section 17
of the Debtor and Creditor Law, the assignee has no greater
rights than the creditors, and as there were no judgment
creditors of the mortgagor, the delay of two days in refiling
the chattel mortgage did not invalidate it. (*Paddell* v. *Janes,*
84 Misc. 212; *In the Matter of Lewis,* 81 N. Y. 421; *Matter of*

*Pellegrini,* 248 App. Div. 526; *In re Lloyd-Stuart Co., Inc.,* 11 N. Y. S. 2d 222.)

Lehman, Ch. J.   To secure the payment of a loan in the sum of $9,990, Brown Bomber Baking Co., Inc., executed and delivered a chattel mortgage to Modern Industrial Bank on May 2, 1942.   The mortgage was filed on May 5, 1942, in the office of the Register of Bronx County.   The Lien Law, section 235, then provided that " a chattel mortgage   *   *   *   shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless, 1. Within thirty days next preceding the expiration of each such term, a statement containing a description of such mortgage " and other prescribed information " or 2. A copy of such mortgage and its indorsements together with a statement attached thereto or indorsed thereon " containing prescribed information " is filed in the proper office   *   *   *."   A renewal of the chattel mortgage was filed in the office of the Register of Bronx County on May 7, 1943, two days *after* the expiration of the term of one year " reckoning from the time of the first filing ".   At that time the chattel mortgage, it is not disputed, had become invalid " against creditors of the mortgagor ".

On July 12, 1943, Brown Bomber Baking Co., Inc., made an assignment for the benefit of creditors.   The chattels covered by the chattel mortgage were in the possession of the assignor. The assignee sold the chattels and holds the proceeds of the sale.   The balance due on the loan, secured by the chattel mortgage, is $5,661.   The proceeds of the sale of the mortgaged chattels exceed that amount, and the mortgagee has demanded that the unpaid balance of the loan shall be paid out of such proceeds.   The assignee has refused the demand and by permission of this court has appealed from an order directing him to pay the claim of the mortgagee out of the proceeds of the sale of the mortgaged chattels.

Though the statute expressly declares that a mortgage which is not filed as provided in the statute is invalid as against " creditors " of the mortgagor, this court held, in the light of old analogies, that " a mere creditor at large, without some

process for the collection or enforcement of his debt, is not in a position to question an unfiled mortgage given by his debtor which is otherwise valid." (*Button* v. *Rathbone, Sard & Co.,* 126 N. Y. 187.) In the case we are now reviewing, there were no judgment creditors armed with legal process authorizing seizure of property, either at the time when the mortgage became invalid or at the time when the debtor made an assignment for the benefit of creditors. Since the mortgage was valid as against the mortgagor, if the mortgagor had delivered the chattels to the mortgagee before the mortgagor made an assignment, the assignee could not have claimed the chattels or their proceeds. (*Stephens* v. *Perrine et al.,* 143 N. Y. 476; *Stephens* v. *Meriden Britannia Co.,* 160 N. Y. 178; *Sheldon* v. *Wickham,* 161 N. Y. 500.) That would be true also in some circumstances where the title of the mortgagor is divested by a judgment of a competent court and a trustee in bankruptcy of the mortgagor, thereafter appointed, seeks to recover the proceeds from the mortgagee. (*Sanford* v. *Boland,* 290 N. Y. 712.)

The situation here presented is quite different. Here the mortgagee is claiming a lien upon chattels forming part of the estate of the mortgagor which the mortgagor assigned for the benefit of creditors. The title acquired by an assignee is ordinarily subject to all the infirmities in the title of his assignor. The Legislature may, however, provide in proper case that a lien enforcible against property in the possession of the person creating the lien shall not be enforcible against the same property when assigned by him for the benefit of creditors. The Legislature has done just that in section 17 of the Debtor and Creditor Law, which provides that: "Claims which for want of record or for other reasons would not have been valid as against the claims of creditors of the assignor shall not be liens against his estate " (L. 1914, ch. 360).

Until that statute was enacted, a mortgage which had not been refiled pursuant to that statute would have remained a valid lien against the property of the mortgagor even after title to the mortgaged property passed to an assignee for the benefit of creditors, or to a receiver in proceedings supplementary to execution. (*Stephens* v. *Meriden Britannia Co.,*

*supra; Sheldon* v. *Wickham, supra.*)   The statute makes applicable in the administration of the estate of an insolvent debtor the rule which Congress had made applicable in the administration of the estate of a bankrupt.   (See *Skilton* v. *Codington,* 185 N. Y. 80; *In Re Parkway Knitting Mills,* 36 F. Supp. 299, affd. 119 F. 2d 605, certiorari denied, 314 U. S. 646.)

The orders should be reversed, with costs in all courts, and the petition dismissed.   (See 293 N. Y. 751.)

LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; RIPPEY, J., taking no part.

Orders reversed, etc.