George Starke, J.
This is a motion by REA Express, Inc. (hereinafter referred to as REA) for an accounting for the proceeds of the accounts receivable of the assignor assigned to REA by the assignor prior to the assignment for the benefit of creditors herein, and which were collected after the date of the assignment for the benefit of creditors by the assignee for the benefit of creditors and to pay over said proceeds to REA. The assignee cross-moves for an order directing REA to pay to said assignee the sum of $13,133.66, which REA has concededly collected as the proceeds of the aforesaid accounts receivable after the date of the execution of the assignment for the benefit of creditors.
An agreement was executed on June 15, 1973 between National New York Packing & Shipping Co., Inc., the assignor, and REA, to assign present and future accounts receivable up to the amount of approximately $50,000, which debt was to become payable on December 1, 1973.
The assignment for the benefit of creditors was executed *1011 herein by the assignor to the assignee in this court on November 9, 1973, transferring to the assignee all the assets of said assignor for the benefit of creditors, and was duly filed.
Thereafter, the bulk of the accounts receivable was collected by the assignee, and the sum of $13,133.66 was collected by REA subsequent to the assignment for the benefit of creditors.
It was subsequently revealed and conceded by REA that REA had only filed Uniform Commercial Code form No. 1 in the City Register’s Office in New York County and failed to file said form with the Secretary of State of the State of New York.
Section 9-401 (subd [1], par [c]) of the Uniform Commercial Code requires that in order to "perfect a security interest” in accounts receivable, the Uniform Commercial Code form No. 1 must be filed both in the Secretary of State’s Office in Albany as well as in the office of the filing officer of the county in which the one giving the security (the assignor) has its place of business (Register’s Office, New York County). It is clear that "accounts receivables” fall within paragraph (c). Section 9-401 of the Uniform Commercial Code provides:
"(1) The proper place to file in order to perfect a security interest is as follows:
"(a) when the collateral is equipment used in farm products, or accounts, contract rights or general intangibles arising from or relating to the sale of farm products by a farmer, or consumer goods, then in the office of the filing officer in the county of the debtor’s residence if the debtor is a resident of this state, and in addition when the collateral is crops in the office of the filing officer in the county where the land on which the crops are growing or to be grown is located;
"(b) when the collateral is goods which at the time the security interest attaches are or are to become fixtures, then in the office where a mortgage on the real estate concerned would be filed, recorded or registered, viz., in the office of the recording officer in the county where the real estate is located;
"(c) in all other cases, in the department of state and in addition, if the debtor has a place of business in this state and in only one county of this state, also in the office of the filing officer of such county;”.
In the case at bar, all of the future accounts receivable of the assignor were assigned to REA. Consequently, paragraphs (a) and (b) do not apply as this obviously concerns farming *1012 equipment or other tangibles or intangibles arising from or relating to the sale of farm products or consumer goods and crops, and paragraph (b) relates to a security interest in fixtures. However, paragraph (c) refers to all other cases (which includes accounts receivable) and requires that the notice be filed in the first instance with the "department of state”, and in addition, in the office of the filing officer in the county in which the debtor has a place of business.
In his comment in McKinney’s Consolidated Laws of New York (§ 9-401, Book 62½, Part 3, p 550), Homer Kripke states with respect to the necessity of filing in both places that: "the requirements of subsection (l)(c) are not complied with unless there is .filing in both offices specified”.
Consequently, the failure of REA to comply with the statute which requires filing in both the Secretary of State’s office and in the filing office of the appropriate county (Register’s Office, New York County) voids the lien as against creditors, and hence, is void as against the assignee for the benefit of creditors. REA has failed to properly perfect its security interest by neglecting to file in the Secretary of State’s office.
An assignee for the benefit of creditors stands in the same position as the most favored creditor in attacking a secured interest which is improper or invalid. In Matter of Norma Footwear Corp. (Leather Bd. of Trade) (2 AD2d 24), the assignee for the benefit of creditors attacked a chattel mortgage as being void as against creditors because it was not properly filed in accordance with the applicable section of the Lien Law. The court stated (p 26): "If not properly filed, the instrument is void as to creditors and an assignee for the benefit of creditors may attack its validity (Stich v Pirkl, 100 Misc. 594; cf. also Baker v Hull, 250 N.Y. 484, 489).” (See Matter of Brown Bomber Baking Co. (Fiske), 293 NY 141; Wolf v Aero Factors Corp., 126 F Supp 872, affd 221 F2d 291; Parkway Knitting Mills, 119 F2d 605, cert den 314 US 646; Matter ofTuchin v Warton, 260 App Div 447.)
Section 17 of the Debtor and Creditor Law is additional authority for the right of the assignee for the benefit of creditors to attack a security lien for want of proper filing. This section provides: "Invalid claims. Claims which for want of record or for other reason would not have been valid as against the claims of creditors of the assignor shall not be liens against his estate.” (Added L 1914, ch 360, § 4, eff April 15, 1914.)
*1013 The argument of REA that under subdivision 2 of section 9-401 of the Uniform Commercial Code it was not required to perfect its security interest in order to proceed against the collateral is without merit as it does not cure the requirement of double filing under paragraph (c) of subdivision (1) which applies to accounts receivable. See the comments in the Uniform Commercial Law dealing with subdivision (1). (Kripke, Practice Commentary, McKinney’s Cons Laws of NY, Book 62½, Part 3, Uniform Commercial Code, § 9-401.)
REA’s motion is denied and the assignee’s cross motion is granted.